[No. B228426. Second Dist., Div. One. Sept. 27, 2011.]

L.K., Plaintiff and Appellant, v.
STEVEN J. GOLIGHTLY, as Director, etc., et al., Defendants and
Respondents.

COUNSEL

L.K., in pro. per., for Plaintiff and Appellant.

Andrea Sheridan Ordin, County Counsel, Elizabeth M. Cortez, Assistant County Counsel, and David R. Beaudet, Deputy County Counsel, for Defendants and Respondents.

OPINION

ROTHSCHILD, Acting P. J.—Plaintiff L.K. appeals from the judgment of dismissal entered when the trial court sustained, without leave to amend, defendants' demurrer to L.K.'s second amended complaint. We affirm.

## BACKGROUND

This lawsuit arises out of a child support dispute concerning L.K.'s son, P.G., who was born in 1988. Because P.G. and his father have the same initials, we will refer to them as "Son" and "Father" in order to avoid confusion.

The second amended complaint and documents attached thereto reflect that in October 1991, in a paternity suit filed by L.K. against Father, the superior

court ordered Father to pay L.K. $3,500 per month as pendente lite child support for Son, retroactive to October 1990. In July 1993, the court entered judgment decreeing that Father is the natural father of Son, and ordering Father to pay child support in the amount of $1,000 per month from June 1, 1993, until Son reached the age of 18 or graduated from high school or became emancipated. Father's child support obligation thus ended no later than Son's 18th birthday, in 2006.

In 2007, the Los Angeles County Child Support Services Department (CSSD) filed a motion to determine child support arrears. The attorney declaration attached to the motion stated that an audit conducted by the CSSD had determined that Father owed $43,104.02 in child support arrears as of August 3, 2007. On April 22, 2008, the court entered an order on the CSSD's motion, determining that the arrears were $43,104.02 as of July 31, 2007.

On July 10, 2008, L.K. filed a "request for Complaint Resolution" with the CSSD contending that her account had been mishandled and that she was "owed more money." The record also indicates that she had filed a previous "Request for Complaint Resolution" on May 16, 2008, but the record does not contain a copy.

The administrative hearing on L.K.'s complaint was conducted telephonically on November 4, 2008. The administrative law judge issued a proposed decision on November 20, 2008, and the California Department of Child Support Services (DCSS) adopted it as the final decision on December 1, 2008. The decision states that evidence introduced at the hearing showed that from August 2007 through June 2008, the CSSD collected from Father and disbursed to L.K. child support arrears in the amount of $47,161.56. The CSSD contended that interest accounted for the difference between the $43,104.02 in arrears previously determined by the court and the $47,161.56 that was actually collected, but the CSSD did not prepare an audit. The evidence further showed that the CSSD began closure of L.K.'s account on June 24, 2008, because all arrears had been paid in full, and the account was finally closed on August 25, 2008. The DCSS decision determined that the CSSD had violated California regulations by failing to prepare a final audit of L.K.'s account, and the decision directed the CSSD to prepare the required audit. In all other respects, however, the DCSS decision denied L.K.'s complaint.

The DCSS decision informed L.K. that she had the following appeal rights: She could ask for rehearing by mailing a written request to the California Department of Social Services within 30 days of receipt of the decision, or she could seek judicial review of the decision by filing a petition for writ of

mandate under Code of Civil Procedure section 1094.5 within one year after receipt of the decision. L.K. does not allege that she pursued either of those options, and nothing in the record indicates that she did.

Instead, on January 4, 2010, L.K. filed suit against the CSSD and its director, Steven J. Golightly, alleging claims for negligence, negligent supervision, and negligent infliction of emotional distress, and seeking "at least $10,000,000.00" in damages. The CSSD demurred to the original complaint, L.K. filed a first amended complaint, defendants' demurrer to it was sustained with leave to amend, and L.K. filed a second amended complaint, alleging the same causes of action against the same defendants. Defendants again demurred. On October 13, 2010, the trial court sustained the demurrer without leave to amend and entered judgment of dismissal. L.K. timely appealed.

## DISCUSSION

■ Under section 17803 of the Family Code, "the exclusive remedy available to the custodial or noncustodial parent for review of the [DCSS] director's decision" on a complaint such as L.K.'s is a petition for writ review in the superior court pursuant to Code of Civil Procedure section 1094.5. Defendants' demurrer to L.K.'s second amended complaint in this tort action was therefore properly sustained without leave to amend.

In her reply brief, L.K. attempts to rebut this argument in two ways. First, she contends that we should disregard the argument because, although defendants advanced the argument in their brief on appeal, they did not raise it in the trial court and the trial court consequently did not consider it. We must, however, affirm the trial court's judgment if it is correct on any theory, and on appeal the responding parties are free to advance legal arguments that they did not raise in the trial court and on which the trial court did not rely. (See, e.g., *Little v. Los Angeles County Assessment Appeals Bds.* (2007) 155 Cal.App.4th 915, 925, fn. 6 [66 Cal.Rptr.3d 401].)

Second, L.K. contends that the argument is "factually untrue" and "unsupported by the record." We are not persuaded. The DCSS's decision after the hearing on L.K.'s "Request for Complaint Resolution" is precisely the kind of decision to which Family Code section 17803 applies. (See Fam. Code, §§ 17800, 17801.) L.K. did not file a petition under Code of Civil Procedure section 1094.5 and instead filed the instant tort action. The relevant facts are therefore undisputed and fully supported by the record.

For the foregoing reasons, we affirm the judgment of dismissal.[1]

## DISPOSITION

The judgment is affirmed. Respondents shall recover their costs of appeal.

Chaney, J., and Johnson, J., concurred.

A petition for a rehearing was denied October 14, 2011, and on October 26, 2011, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied December 21, 2011, S197732. Werdegar, J., did not participate therein.

---

[1] L.K. does not argue that she could have cured the defects in her second amended complaint if she had again been granted leave to amend, so we do not address the issue. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 [6 Cal.Rptr.3d 457, 79 P.3d 569] [plaintiff bears the burden of showing that the defects in the complaint could be cured if leave to amend were granted].)