Filed 3/3/14  L.K. v. Cal. Dept. of Child Support Services CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| L.K.,<br><br>　　　　Plaintiff and Appellant,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CHILD SUPPORT SERVICES,<br><br>　　　　Defendant and Respondent. | B248177<br><br>(Los Angeles County Super. Ct. No. BS130088) |

　　　　APPEAL from a judgment of the Superior Court of Los Angeles County.  Robert H. O'Brien, Judge.  Affirmed.

_____

　　　　L.K., in pro. per., for Plaintiff and Appellant.

　　　　Kamala D. Harris, Attorney General, Julie Weng-Guiterrez, Assistant Attorney General, Richard T. Waldow and Gregory M. Cribbs, Deputy Attorneys General, for Defendant and Respondent.

_____

L.K. appeals in propria persona from the judgment denying her petition for writ of administrative mandate. We affirm.

BACKGROUND

In our opinion in a previous appeal in this dispute, we summarized the background as follows: "This lawsuit arises out of a child support dispute concerning L.K.'s son, P.G., who was born in 1988. Because P.G. and his father have the same initials, we will refer to them as 'Son' and 'Father' in order to avoid confusion.

". . . [I]n October 1991, in a paternity suit filed by L.K. against Father, the superior court ordered Father to pay L.K. $3,500 per month as pendente lite child support for Son, retroactive to October 1990. In July 1993, the court entered judgment decreeing that Father is the natural father of Son, and ordering Father to pay child support in the amount of $1,000 per month from June 1, 1993, until Son reached the age of 18 or graduated from high school or became emancipated. Father's child support obligation thus ended no later than Son's 18th birthday, in 2006.

"In 2007, the Los Angeles Child Support Services Department (CSSD) filed a motion to determine child support arrears. The attorney declaration attached to the motion stated that an audit conducted by the CSSD had determined that Father owed $43,104.02 in child support arrears as of August 3, 2007. On April 22, 2008, the court entered an order on the CSSD's motion, determining that the arrears were $43,104.02 as of July 31, 2007." (*L.K. v. Golightly* (2011) 199 Cal.App.4th 641, 642-643.)

In or about September 2008, L.K. requested a state hearing, alleging that the CSSD had improperly closed her child support case. An administrative law judge conducted the hearing telephonically on November 4, 2008.

"The administrative law judge issued a proposed decision on November 20, 2008, and the California Department of Child Support Services (DCSS) adopted it as the final decision on December 1, 2008. The decision states that evidence introduced at the hearing showed that from August 2007 through June 2008, the CSSD collected from Father and disbursed to L.K. child support arrears in the amount of $47,161.56. The CSSD contended that interest accounted for the difference between the $43,104.02 in

2

arrears previously determined by the court and the $47,161.56 that was actually collected, but the CSSD did not prepare an audit. The evidence further showed that the CSSD began closure of L.K.'s account on June 24, 2008, because all arrears had been paid in full, and the account was finally closed on August 25, 2008. The DCSS decision determined that the CSSD had violated California regulations by failing to prepare a final audit of L.K.'s account, and the decision directed the CSSD to prepare the required audit. In all other respects, however, the DCSS decision denied L.K.'s complaint." (*L.K. v. Golightly*, *supra*, 199 Cal.App.4th at p. 643.)

On December 30, 2008, L.K. submitted a written request for a rehearing. On February 4, 2009, the CSSD denied her request. The denial explained that (1) L.K.'s request raised the same issues she had raised at the hearing, (2) all of those issues "relate to periods of time before" April 22, 2008 (i.e., the date of the court order determining the amount of arrears), (3) the only issue before the administrative law judge at the hearing was whether L.K. had received all of the arrears that she was owed under the court order of April 22, 2008, and (4) the issues L.K. raised were irrelevant and not a proper ground for rehearing.

On April 16, 2009, L.K. again requested a state hearing, raising similar issues. On October 19, 2009, the DCSS denied the request. The denial notice stated that L.K. could challenge the dismissal within 15 days.

On November 2, 2009, L.K. submitted a written response to the denial of her request for a state hearing. On January 7, 2010, the DCSS affirmed the denial and informed L.K. that she could seek judicial review of the denial within one year.[1]

On January 11, 2011, L.K. filed the instant petition for writ of administrative mandate under Code of Civil Procedure section 1094.5. After receiving briefing and conducting a hearing, the superior court denied the petition in its entirety. The court's

---

[1] Meanwhile, on January 4, 2010, L.K. filed suit against the California Department of Social Services and its director, Steven J. Golightly, seeking over $10,000,000 in damages. Her complaint was dismissed on demurrer, and we affirmed the dismissal. (*L.K. v. Golightly*, *supra*, 199 Cal.App.4th at pp. 642-644.)

3

statement of decision explained that L.K.'s petition principally alleged a violation of her due process rights. The court noted, however, that L.K. received notice and a hearing, and that before the hearing she received the DCSS's written "Position Statement," which included both the evidence on which the DCSS relied and the DCSS's argument explaining why the evidence justified closure of L.K.'s child support case. The court also stated that the evidence in the administrative record supported the administrative law judge's decision, because it showed that L.K. was paid $47,161.56, which exceeded the $43,104.02 in arrears that were due under the court order of April 22, 2008. L.K. timely appealed.

DISCUSSION

L.K.'s opening brief on appeal contains no colorable argument for reversal of the judgment. Her principal contention appears to be that the CSSD never complied with the DCSS's directive to prepare a final audit of her account. Assuming for the sake of argument that the CSSD did not prepare a final audit,[2] it does not follow that the denial of L.K.'s petition for writ of administrative mandate is not supported by substantial evidence. (*Fukuda v. City of Angels* (1999) 20 Cal.4th 805, 824.) On the contrary, the evidence in the administrative record is more than sufficient to support the judgment, for the same reasons articulated in the superior court's statement of decision. L.K.'s due process rights were not violated—she received notice, a hearing, and the opposing party's written evidence and argument well in advance of the hearing. And substantial evidence supports the administrative law judge's decision—the uncontradicted evidence shows

---

[2] The administrative record reflects that on January 6, 2009, after having been directed to prepare the audit, the CSSD wrote to L.K. informing her that the audit had been conducted and informing her of its results. The letter stated that the audit showed that L.K. owed $0.00 in late support payments and interest. Nothing in the record before us clarifies whether the letter merely misstated the results of a properly performed audit (i.e., whether the audit was properly done but the letter mistakenly reported that L.K. owed no child support rather than that she *was owed* no child support) or whether the audit itself was performed incorrectly (i.e., whether the audit mistakenly sought to determine how much L.K. owed rather than how much she *was owed*). In any event, the record contains no evidence that L.K. was owed late support payments or interest at the time of the audit.

4

that (1) L.K. was paid $47,161.56 between August 16, 2007, and June 16, 2008, (2) the court order of April 22, 2008, determined that the arrears totaled $43,104.02 as of July 31, 2007, and (3) arrears (exclusive of interest) ceased to accumulate in 2006, when Son turned 18.

For all of the foregoing reasons, we affirm the judgment.

DISPOSITION

The judgment is affirmed.  Respondent shall recover its costs of appeal.

NOT TO BE PUBLISHED.


ROTHSCHILD, Acting P. J.

We concur:


CHANEY, J.


JOHNSON, J.