Filed 4/1/22  Marriage of Kinney CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re the Marriage of RACHEL AND WILLIAM KINNEY. | |
| RACHEL LYNN ANN KINNEY, | E075065 |
| Respondent, | (Super.Ct.No. FAMSS1807599) |
| v. | OPINION |
| WILLIAM FREY KINNEY, | |
| Appellant; | |
| SAN BERNARDINO COUNTY CHILD SUPPORT SERVICES, | |
| Respondent. | |

APPEAL from the Superior Court of San Bernardino County.  J. Bruce Minton, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Dismissed.

William Frey Kinney, in pro. per., for Appellant.

1

Rob Bonta, Attorney General, Cheryl L. Feiner, Assistant Attorney General, Gregory D. Brown and Monique Seguy, Deputy Attorneys General, for Respondent San Bernardino County Child Support Services.

No appearance for Respondent Rachel Lynn Ann Kinney.

When William and Rachel Kinney dissolved their marriage, they agreed that William[1] would owe no monthly support for the care of their two young children. Less than seven months later, the San Bernardino County Child Support Services (the department) filed a motion seeking to modify William's child support obligation. Over William's objection, the family court granted the motion and ordered that he pay $2,226 a month in child support.

William timely appealed, but he presents no reasoned legal argument in his opening brief why the family court erred. For instance, he does not inform this court of the appropriate standard of review or explain why, when applying the facts to that standard, the family court committed prejudicial error that must be reversed. William responded to the department's (represented by the Attorney General) assertion that his brief is completely deficient. But, to the extent he somewhat expands upon his claim of error in his reply brief, it was too little too late.

In addition, William raises a vague claim of error about the garnishment of his pension to pay his child support obligation, but the garnishment started *after* the family

---

[1] For the sake of clarity, we refer to the parties by their first names. We mean no disrespect. (See *In re Marriage of Pletcher* (2021) 68 Cal.App.5th 906, 909, fn. 1.)

court entered its postjudgment order and it was accomplished by an administrative order by the department, not by an order or judgment of the family court. Consequently, we have no jurisdiction to address that claim. The appeal is dismissed.

I.

FACTS AND PROCEDURAL BACKGROUND

On April 23, 2019, the family court entered a stipulated judgment dissolving William's and Rachel's marriage. The parties agreed that Rachel would have sole legal and physical custody over their two minor children and that William would have no visitation. They also agreed that the family court should set William's child support obligation at zero.

On November 14, 2019, the department filed a motion to modify William's child support obligation.[2] William opposed the motion claiming that, if his child support obligation were modified, it should not be in the amount prayed for by the department, $2,226 a month. Inter alia, he argued the department's motion failed to properly consider Rachel's income and William's liabilities, to wit, his federal and state taxes, spousal and child support obligations from prior marriages, and health care premiums.

William, who is incarcerated, made no appearance for the January 24, 2020 hearing on his opposition to the department's motion. Rachel, who appeared telephonically, testified William receives a full military retirement of $43,140 annually and Veteran's Administration (VA) disability benefits of $1,194 a month. She also

_____

[2] William did not list the motion in his amended designation of record on appeal, so it was not included in the clerk's transcript.

3

testified that she spent $1,170 a month on childcare for the children. Based on William's income, counsel for the department argued William's child support obligation under the statewide child support guidelines would be $2,226 a month. Counsel asked that the family court make the obligation effective December 1, 2019. The family court granted the motion.

In its formal order entered February 3, 2020, the court indicated William's child support obligation of $2,226, under the statewide guidelines, reflected a $1,113 hardship deduction and a $581 health insurance deduction for Rachel. The court found William was still receiving his pension and VA benefits. On February 7, 2020, the department served the order on William by mail.

William timely filed a notice of appeal on May 29, 2020.

## II.

## DISCUSSION

In its brief, the department requests that this court strike William's opening brief because it fails to comply with the content requirements set forth in rule 8.204(a) of the California Rules of Court. (See Cal. Rules of Court, rule 8.204(e)(2)(B) [Court of Appeal may, in its discretion, strike a noncomplying brief.].) We decline to strike the brief. However, because William presents no reasoned argument why this court should conclude the family court erred and why such error is reversible, we dismiss the appeal.

"'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and *error must be affirmatively shown*. This is not only a general principle of appellate

4

practice but an ingredient of the constitutional doctrine of reversible error.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564, first italics in original, second italics added; see Cal. Const., art VI, § 13 [reviewing court may reverse the superior court only if it finds "the error complained of has resulted in a miscarriage of justice."]; Code Civ. Proc., § 475 ["There shall be no presumption that error is prejudicial, or that injury was done if error is shown."].)

The sine qua non of an appellate brief is cogent legal argument. "Each brief *must*: [¶] . . . [¶] State each point under a separate heading or subheading summarizing the point, and support each point by *argument* and, if possible, by citation of authority . . . ." (Cal. Rules of Court, rule 8.204(a)(1)(B), italics added; see *id*., rules 1.5(b)(1) ["'Must' is mandatory."], 8.7 ["The rules of construction stated in rule 1.5 apply to these rules."].) As the leading practice guide on California civil appeals explains, "Written briefs comprise the heart of the appellate process. While the appellate record provides the context for arguing an appeal . . . , the appellate *briefs* are the primary vehicle for *presenting* the argument and *persuading* the court that your . . . position is correct." (Eisenberg et al., Cal. Practice Guide:  Civil Appeals and Writs (The Rutter Group 2021) ¶ 9:1, p. 9-1.)  "The primary role of an appellate brief is to *convince* the reviewing court of the merits of your . . . position . . . ." (*Id.* ¶ 9:3, p. 9-1; accord, 1 Appeals and Writs in Criminal Cases (Cont.Ed.Bar 3d ed. 2021) § 4.40, p. 4-53 ["A brief is an exercise in persuasion"].)

"'One cannot simply say the court erred, and leave it up to the appellate court to figure out why.'" (*Jewish Community Centers Development Corp. v. County of Los Angeles* (2016) 243 Cal.App.4th 700, 716.) "The reviewing court is not required to develop the parties' arguments or search the record for supporting evidence and may instead treat arguments that are not developed or supported by adequate citations to the record as waived." (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 684.) When an appellant fails to cite relevant legal authority in support of his or her claim of error, "we may 'treat the points as waived, or meritless, and pass them without further consideration.'" (*In re Marriage of Stanton* (2010) 190 Cal.App.4th 547, 561.) Moreover, "'[F]ailure of an appellant in a civil action to articulate any pertinent or intelligible legal argument in an opening brief may, in the discretion of the court, be deemed an abandonment of the appeal justifying dismissal.'" (*Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 205.)

The same rules apply to appellants appearing in propria persona. "A self-represented party is to be treated like any other party and is entitled to the same, but no greater, consideration than other litigants having attorneys." (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.)

Minus the certificate of interested entities or persons, tables of contents and authorities, and the proof of service, William's opening brief is seven pages long. Under the heading "Nature of Action and Appealability," William states the family court failed to consider his opposition to the department's motion, considered things it should not have when it calculated his child support obligation, and failed to consider other things.

6

He then states, without any citation to appropriate legal authority, "For all of the above reasons, the Appellant considers the Superior Court's judgment in this case to be appealable."**3** Last, under the heading "Specific Relief Sought From the Superior Court," William sets forth what he expects the family court to do on remand if this court reverses the postjudgment order. But, other than the bare assertion that the family court should or should not have considered certain things when calculating his child support obligation, William does not explain *how* that amounted to error and, if it was an error, *how* he was prejudiced by that error such that we must reverse the order.

For instance, William does not inform us what is the appropriate standard of review we must apply, and he does not explain why—when the facts of the case are applied to that standard of review—we must conclude the family court erred prejudicially. We review an order modifying a child support obligation for abuse of discretion and may reverse only if we find prejudicial error. (*In re Marriage of Rodriguez* (2018) 23 Cal.App.5th 625, 633.) "As long as the trial court exercised its discretion along legal lines, its decision will be affirmed on appeal if there is substantial evidence to support it." (*Ibid*.) "'On review for substantial evidence, we examine the evidence in the light most favorable to the prevailing party and give that party the benefit of every reasonable inference. [Citation.] We accept all evidence favorable to the

---

**3** The family court's February 3, 2020, *order* is appealable. (Code Civ. Proc., § 904.1, subd. (a)(2) [appeal may be taken from an order made after an appealable judgment], (a)(10) [appeal may be taken from "an order made appealable by . . . the Family Code"]; Fam. Code, § 3554 [orders and judgments in support cases may be appealed "as in other civil actions."]; see *In re Marriage of Leonard* (2004) 119 Cal.App.4th 546, 554.)

prevailing party as true and discard contrary evidence. [Citation.]' [Citation.] 'We do not reweigh the evidence or reconsider credibility determinations.'" (*In re Marriage of Calcaterra & Badakhsh* (2005) 132 Cal.App.4th 28, 34.) Those standards of review require that we give deference to the family court's ruling and its express and implied findings of fact. Because William has not articulated why the family court's order fails under those standards, we simply cannot reverse the order.

In response to the department's request that we strike William's opening brief, he states that he did, in fact, comply with the content requirements of rule 8.204 of the California Rules of Court. To the extent William's reply brief contains some attempt to develop his claims of error, "it is too late. We disregard issues not properly addressed in the appellant's opening brief." (*Aviel v. Ng* (2008) 161 Cal.App.4th 809, 821.)

Finally, to the extent William argues error in the department's enforcement of his child support obligation by garnishing his pension, we have no jurisdiction to consider that claim.[4] This court's appellate jurisdiction is limited to reviewing final judgments and appealable orders of *the superior court*. (Cal. Const., art. VI, § 11, subd. (a); Code Civ. Proc., §§ 901, 904, 904.1 & 906; see Cal. Rules of Court, rules 8.10(4)-(5), 8.100(a)(1).) The garnishment of William's pension was not accomplished by an order or judgment of the family court. Instead, it was an *administrative* order by the

---

[4] In his reply brief, William purports to "concede[] the Attorney General's point that his claim [about the garnishment] is not properly before the Appellate Court," but he proceeds to explain why his argument has merit.

department in furtherance of its statutory duty to collect and enforce child support obligations. (Fam. Code, §§ 17400, subd. (a), § 17500, subd. (a); see Code Civ. Proc., § 706.030, subd. (b)(1) [a local child support agency is deemed to be the "levying officer" when it "issues a withholding order for support" under Fam. Code, § 17522].)

William's initial remedy to challenge the department's garnishment order was to utilize the complaint resolution procedures set forth in Family Code sections 17800 and 17801. (See Cal. Code Regs., tit. 22, div. 13, ch. 10, art. 2, § 120001 et seq.) And, his *exclusive* judicial remedy was to petition the superior court for a writ of administrative mandamus and, if still dissatisfied, to appeal from that proceeding to this court. (Fam. Code, § 17803; Code Civ. Proc., § 1094.5; *L.K. v. Golightly* (2011) 199 Cal.App.4th 641, 644.) The record does not reflect that he did either of those things. Unless and until William exhausts his administrative remedies and appeals from an order of the superior court denying him mandamus relief, this court has no jurisdiction whatsoever to consider his claim about the garnishment order.[5]

---

[5] Moreover, even if the garnishment of William's pension had been accomplished by a *subsequent* judgment or appealable order of the family court, we would still lack jurisdiction to consider his claim of error because his notice of appeal is clearly and unambiguously limited to the family court's February 3, 2020 postjudgment order that did no more than grant the department's motion. "'"Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from." [Citation.] We have no jurisdiction over an order not mentioned in the notice of appeal.'" (*In re J.F.* (2019) 39 Cal.App.5th 70, 75.)

### III.

### DISPOSITION

The appeal is dismissed.  In the interests of justice, the parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER
Acting P. J.

We concur:


MILLER
J.


CODRINGTON
J.