Filed 5/18/16

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ELENA S., | D068831 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. DVN24690) |
| VLADISLAV KROUTIK, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, William Y. Wood, Commissioner.  Affirmed.

Vladislav Kroutik, in pro. per., for Appellant.

Dennis G. Temko, for Respondent.

Vladislav Kroutik (Vlad)[1] appeals from a domestic violence restraining order against him in favor of Elena S. (Elena), contending that the order is void because he did not stipulate to a commissioner for adjudication of the matter.  However, Vlad's argument fails for two reasons: (1) he failed to demonstrate on the record he provided that the

---

[1]    We refer to both parties by their first names for clarity.  No disrespect is intended.

parties did not orally stipulate to the commissioner, and (2) by his participation in the hearing, he impliedly consented to the commissioner.

## FACTUAL AND PROCEDURAL BACKGROUND

Vlad and Elena met online in November 2014. They got engaged in March 2015 and decided to get married in July 2015. However, their relationship deteriorated before the marriage. In June 2015, Vlad sexually assaulted Elena, said he would report her to immigration authorities and threatened to divulge her location to her abusive ex-husband. In July 2015, Elena filed a request for domestic violence restraining order, which the court granted. In August 2015, after a three-hour long hearing, which included testimony and cross-examination of Vlad and Elena, introduction of over 20 exhibits, and closing arguments by both sides,[2] Commissioner William Y. Wood granted a five-year domestic violence restraining order. Vlad timely appeals. In the notice designating the record on appeal, Vlad checked a box stating that he elected to proceed without a record of the oral proceedings in the trial court making it impossible for this court to consider what was said during those proceedings.

## DISCUSSION

Vlad contends that because the record does not reflect a stipulation that a commissioner may hear the matter, the commissioner's order is void. Vlad has the burden to affirmatively show there was no written or oral stipulation to allow the commissioner to hear the matter. On this record, which is based on the judgment roll,

---

[2]    Elena was represented by counsel. Vlad represented himself.

2

Vlad has not carried his burden to establish that during the hearing the parties did not orally stipulate to the commissioner. Further, where the parties proceed with the matter before a commissioner, the "tantamount stipulation" doctrine applies. By the parties' conduct evincing their common intent to allow the subordinate officer conduct proceedings that can done only by a judge, their agreement to allow the subordinate officer to resolve the matter is implied. (*In re Horton* (1991) 54 Cal.3d 82, 98 (*Horton*).)

The principal issue we confront here is Vlad's failure to provide a reporter's transcript of the domestic violence restraining order proceedings presided over by Commissioner Wood. "It is well settled, of course, that a party challenging a judgment [or order] has the burden of showing reversible error by an adequate record." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) " 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent. . . .' " (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712.) A proper record includes a reporter's transcript or a settled statement of any hearing leading to the order being challenged on appeal. (See *Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532; *Berg v. Investors Real Estate Loan Co.* (1962) 207 Cal.App.2d 808, 817-818; *Utz v. Aureguy* (1952) 109 Cal.App.2d 803, 806-807.) Although Vlad is representing himself in propria persona, he is not exempt from the rules governing appeals. A self-represented party is to be treated like any other party and is entitled to the same, but no greater, consideration than other litigants having attorneys. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)

3

These proceedings were reported by a certified court reporter.  In the "Appellant's Notice Designating Record on Appeal," Vlad signed the form after checking a box which stated that he elected to proceed "WITHOUT a record of the oral proceedings in the superior court.  I understand that without a record of the oral proceedings in the superior court, the Court of Appeal will not be able to consider what was said during these proceedings in determining whether an error was made in the superior court proceedings."  Nevertheless, he chose to forego the submission of the court reporter's transcript of proceedings (which might reveal an oral stipulation of the parties to the commissioner) and elected to proceed on the clerk's transcript.

We must treat this as an appeal "on the judgment roll," to which the following rules apply:  " 'Error must be affirmatively shown by the record and will not be presumed on appeal [citation]; the validity of the judgment [or order] on its face may be determined by looking only to the matters constituting part of the judgment roll [citation]; where no error appears on the face of the judgment roll record, all intendments and presumptions must be in support of the judgment [citation] [citation] . . . and any condition of facts consistent with the validity of the judgment will be presumed to have existed rather than one which would defeat it.' "  (*Ford v. State of California* (1981) 116 Cal.App.3d 507, 514; Cal. Rules of Court, rule 8.163.)  We presume that official duties have been regularly performed.  (Evid. Code, § 664.)  This presumption applies to the actions of trial judges.  (*People v. Duran* (2002) 97 Cal.App.4th 1448, 1461-1462, fn. 5.)  "Where it does not appear affirmatively that a jurisdictional defect was present, the absence of a recital that jurisdictional requisites were met does not produce a judgment void on its

4

face. [Citations.] To the contrary, all presumptions favor the judgment. [Citations.] If the invalidity does not appear on the face of the record, it will be presumed that what ought to have been done was not only done but rightly done." (*Olivia v. Suglio* (1956) 139 Cal.App.2d 7, 8-9.)

The California constitution provides that parties litigating a cause may stipulate that the matter may be tried by a temporary judge (Cal. Const., art. VI, § 21), which the Supreme Court has interpreted to mean that a stipulation is required to qualify a commissioner to act and that without a stipulation any ruling the commissioner makes must be reversed. (*People v. Tijerina* (1969) 1 Cal.3d 41, 49.) The stipulation need not be in writing. An express oral stipulation on the record will suffice. (*Horton*, *supra*, 54 Cal.3d at p. 91.) In addition, stipulations will be implied if the hearing involves the performance of a judicial function and the party affirmatively participates in the proceeding and does not object to the commissioner who conducts the proceeding until after its completion. " 'An attorney may not sit back, fully participate in a trial and then claim that the court was without jurisdiction on receiving a result unfavorable to him.' " (*Ibid.*) "[A]n *implied* stipulation arises from the parties' common intent that the subordinate officer hearing their case can do things which, *in fact*, can only be done by a judge." (*In re Mark L.* (1983) 34 Cal.3d 171, 179, fn. 6.)

In this case, without a transcript of the oral proceedings and given the presumption that the court acted properly, Vlad cannot meet his burden to establish that he did not orally stipulate on the record to the commissioner. Further, he fully participated in a three-hour hearing involving testimony and cross examination of the parties, introduction

5

of 20 exhibits, and closing argument by both sides. Vlad cannot participate in the hearing, gamble on a successful outcome, and then, only after receiving an unfavorable ruling, decide to object to a commissioner handling the case. (See *Horton*, *supra*, 54 Cal.3d at p. 91; see also *Estate of Fain* (1999) 75 Cal.App.4th 973, 987 [tantamount stipulation to trial of a contested probate matter by a private judge but failed to object throughout lengthy trial].) Even though a "compelling argument could be made that parties never given the opportunity to stipulate cannot do so impliedly, we are bound by the above doctrine as explained by our Supreme Court (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450.) Certainly if the *Horton* court allowed a capital murder trial to be held before a commissioner acting under a tantamount stipulation by the parties, it would likewise intend that the doctrine apply to a [domestic violence temporary restraining order]. (*In re Horton*, *supra*, 54 Cal 3d 82.)" (*In re Courtney H.* (1995) 38 Cal.App.4th 1221, 1227-1228 [adjudication of minor as a delinquent and commitment to the California Youth Authority for a term not to exceed seven years two months].)

In the absence of a proper record, which would include either a reporter's transcript or settled statement (neither of which we have in this case), we must presume the trial court acted properly. Therefore, the judgment is correct and must be affirmed. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1285.) On this record, we cannot eliminate the possibility that Vlad orally stipulated to the commissioner handling the domestic violence restraining order. Even without this assumption, because Vlad fully participated in the hearing, he impliedly consented to allowing Commissioner Wood to determine whether

6

the restraining order should be granted. Under these circumstances, by knowingly forgoing the preparation of a reporter's transcript or a settled statement, Vlad made success on appeal unattainable. (See *In re Marriage of Hall* (2000) 81 Cal.App.4th 313, 314 [noting that judgment roll appeal reversals are rare].)

Not one of the cases on which Vlad relies involve failure of the party (who has acknowledged potential adverse consequences of failure to provide a complete record) to present available evidence of the proceedings, such as the reporter's transcript, to carry his burden to establish that there was no oral stipulation to the commissioner.

Vlad relies on only one other case involving failure to stipulate to a commissioner in a domestic violence restraining order hearing, *Michaels v. Turk* (2015) 239 Cal.App.4th 1411. *Michaels* is distinguishable from this case. In *Michaels*, a sign posted in the courtroom stated that failure to object to the commissioner constituted consent. Respondent based his sole argument on an implied waiver based on the sign's message. This argument failed on two counts. First, the appellate court concluded that there was no evidence that appellant actually viewed the sign. (*Michaels*, at pp. 1414-1416.) Second, a local rule in Riverside County (not applicable in this case) provided that all stipulations to commissioners must be on the record, and the record did not reflect any stipulation. (*Id*. at p. 1416.) Further, we note that the *Michaels* court was not called on to address the "tantamount stipulation" doctrine, which, as we have discussed, based on the record in this case, established implied consent to the commissioner.

7

## DISPOSITION

The restraining order is affirmed.  Costs are awarded to Elena.


PRAGER, J.*

WE CONCUR:


AARON, Acting P. J.


IRION, J.

---

\*       Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.