Filed 8/3/21  P. v. Rudnitski CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

|  |  |
|---|---|
| THE PEOPLE, | C092576 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF20-00581) |
| v. |  |
| RICHARD BOLESLAUS RUDNITSKI, |  |
| Defendant and Appellant. |  |

Defendant Richard Boleslaus Rudnitski challenges the trial court's denial of his request that his case be found "unusual" within the meaning of Penal Code section 1203, subdivision (e) in order to overcome his presumptive ineligibility for probation. Defendant also asserts the trial court improperly used his mental health as a basis to decline to find him eligible for probation, and that he received ineffective assistance of counsel.  Finding no error, we affirm the judgment.

1

BACKGROUND

Defendant was at a home he shared with roommate Jerald S.[1] Defendant awoke in the morning and consumed an alcoholic beverage before entering the bathroom and securing the broken door with a wooden board. Jerald and defendant began arguing, and defendant claims Jerald forced open the door while defendant was using the toilet. Defendant asserts Jerald was "hissing like a demon" and began grabbing at defendant's shirt and necklace.

Defendant grabbed a shower curtain rod and pulled if off the wall, after which he and Jerald began struggling over the rod. Defendant struck Jerald, and then stomped on his head because Jerald was a "wretched evil being." Defendant then used his fists and feet and struck Jerald more than 15 times in the head. Every time Jerald would try to get up, defendant would punch and "stomp" him again, causing Jerald to become more and more bloodied.

Police arrived and found defendant standing over Jerald in the bathroom, with Jerald bleeding profusely from his head and face. Deputies escorted defendant out of the bathroom at which point he referred to the metal rod as his "murder weapon." Defendant also admitted to having used methamphetamine the day before.

Defendant was charged with assault with a deadly weapon (Pen. Code, § 245, subd. (a))[2] with an enhancement for personally inflicting great bodily injury (§ 12022.7, subd. (a)). Defendant pleaded no contest to the assault charge. Pursuant to the plea agreement, the enhancement was stricken. Defendant was sentenced to two years in state prison. Prior to his sentencing, defendant requested the trial court make an "unusual"

---

[1] The facts in this matter are not in dispute and are taken from the probation report.

[2] All further undesignated statutory references are to the Penal Code.

2

case finding pursuant to section 1203, subdivision (e) and California Rules of Court, rule 4.413(c).[3]

Pursuant to the probation report, defendant reported, "he is in good mental health unless 'triggered.' He states his mental health when triggered is poor and that, 'you better watch out.' He advised within the past five years he was diagnosed with schizoaffective disorder, manic depression, or bi-polar disorder, and that it had been called multiple things over the years . . . he was [also] diagnosed with Obsessive Compulsive Disorder (OCD) around the same time . . . . [¶] . . . He has been to a mental health facility ten or less times in his life. He reports his last time at a mental health facility lasted for two days, but he could not recall when that might have been."

The probation report analyzed the rule 4.413 factors, including those contained in rule 4.413(c)(2)(B). "While the defendant may have committed the offense in partial [*sic*] due to controlled substance use or mental illness, there are no indicators he would respond favorable to treatment that would be required as a condition of probation. (Rule 4.413(c)(2)(B).) He does [not] believe he has a problem with alcohol or controlled substance abuse. His response to mental health treatment is unknown, as he reports prior participation in counseling, but continued to suffer from violations of the law."

The probation report concluded that defendant would present a significant danger to others if he was granted probation. His crime was excessively violent, he showed no remorse, and he, "presents a safety concern for anyone he contacts that causes him to be 'triggered.' "

The trial court summarized: "[Defendant] spontaneously told the deputies . . . that the metal curtain rod was his murder weapon. Then he admitted to methamphetamine use on top of the alcohol. He had earlier that day -- looks like he woke in the morning,

---

[3] Further rule references are to the California Rules of Court.

consumed Four Loko beverage[s] containing alcohol.  Okay.  So that's the big picture here of mental health and an issue with violence and danger towards others and overkill in the allegation of defending himself."  The court stated that it did "not make an unusual case finding in this matter due to the gravity of the ultimate offense here and the injuries sustained by the victim."

## DISCUSSION

Defendant argues the trial court erred in failing to consider his mental illness and possibility of treatment, factors which defendant argues make this an "unusual" case under section 1203, subdivision (e).  Alternately, defendant argues he received ineffective assistance of counsel because his trial counsel, "failed to correct the trial court's improper reasoning."  We disagree.

Defendant argues the probation report makes it "clear" that the crime at issue was committed due to defendant's mental disability.  Defendant asserts there are several facts about the crime that indicate "mental illness was a factor" and that "the court recognized that this crime was committed because of a mental condition not amounting to a defense."  Defendant also argues the court itself took notice of defendant's improved mental state after receiving proper treatment, yet did not consider these observations when evaluating whether the case was "unusual."

Pursuant to section 1203, subdivision (e)(2), a person who uses a deadly weapon upon another person is not eligible for probation.  However, subdivision (e) also provides that this prohibition may be overcome in "unusual cases in which the interests of justice would best be served if the person is granted probation."  (§ 1203, subd. (e).)  If a person is presumptively ineligible for probation pursuant to section 1203, rule 4.413 provides factors the court "should apply" (rule 4.413(b)) to determine if the case is "unusual."  Defendant argues he fell within the criteria identified in rule 4.413(c)(2)(B), "[t]he crime was committed because of a mental condition not amounting to a defense, and there is a

4

high likelihood that the defendant would respond favorably to mental health care and treatment that would be required as a condition of probation . . . ."

"The sentencing court has broad discretion to determine whether an eligible defendant is suitable for probation . . . ." (*People v. Welch* (1993) 5 Cal.4th 228, 233.) There is likewise broad discretion to determine whether a given case is "unusual" and entitles the defendant to probation in the interests of justice. (*People v. Superior Court* (*Du*) (1992) 5 Cal.App.4th 822, 831.) "To establish abuse, the defendant bears the burden on appeal to show that the denial of probation was, under the circumstances, arbitrary, capricious, or exceeding the bounds of reason." (*People v. Nuno* (2018) 26 Cal.App.5th 43, 49.) The determination whether a case is unusual, like the determination whether to grant probation, is reviewed for abuse of discretion. (*Du*, at p. 831.) " '[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it.' [Citation]" (*People v. Stuart* (2007) 156 Cal.App.4th 165, 179.) We presume the trial court knows and applies the correct law and has considered all relevant evidence. (See Evid. Code, § 664; *Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 575; *In re Marriage of Davenport* (2011) 194 Cal.App.4th 1507, 1526.)

As defendant's contention is that the trial court *did not* consider the rule 4.413 factors, we turn to the trial court's comments on the record concerning whether defendant's case constituted an "unusual" one such that "in the interests of justice" he should be eligible for probation. During sentencing, the trial court noted, "[d]iagnosed with PTSD in 1982. Has been to a mental health facility ten or less times in his life. Been in good mental health and was triggered. He states his mental health when triggered is poor and you better watch out. I think that's what happened here. [¶] . . . [¶]

"The Court does not make an unusual case finding in this matter due to the gravity of the ultimate offense here and the injuries sustained by the victim."

The record includes evidence that defendant suffered from mental illness at the time of the offense, as the trial court acknowledged. But, as the probation report noted, there is no evidence of a "high likelihood that the defendant would respond favorably to mental health care and treatment" if granted probation, a requirement for the factor overcoming a presumption of ineligibility relied upon by defendant. (Rule 4.413(c)(2)(B).) Defendant focuses on his trial counsel's argument that defendant's mental state had improved, and the trial court's response that the court noticed a difference in defendant's conduct. But counsel did not present evidence of a high likelihood defendant would respond favorably to mental health care and treatment, and these statements do not establish such a fact.

The trial court indicated it had reviewed the probation report, and acknowledged defendant's "mental health and an issue with violence and danger towards others and overkill in the allegations of defending himself." The record supports that the trial court considered the rule 4.413 factors and exercised its discretion in declining to find defendant's case "unusual." While the trial court did express concern about defendant's mental health and proclivity toward violence, these comments do not alter the fact that there was no evidence the defendant would respond favorably to mental health care and treatment that would be required as a condition of probation.

Defendant also argues his trial counsel provided him ineffective assistance in connection with establishing that his case was "unusual." To establish ineffective assistance of counsel, one must demonstrate that " '(1) counsel's representation was deficient in falling below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient representation subjected the [defendant] to prejudice, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the [defendant]. [Citations.]' " (*In re Jones* (1996) 13 Cal.4th 552, 561.) The reviewing court gives deference to avoid, "second-guessing counsel's tactics." (*In re Cordero* (1988) 46 Cal.3d 161, 180.) We reject

6

defendant's argument because it is based on speculation that counsel could have obtained evidence of a high likelihood that defendant would respond favorably to mental health treatment.

## DISPOSITION

The judgment is affirmed.

                                        /s/
                                        RAYE, P. J.

We concur:

        /s/
HOCH, J.

        /s/
KRAUSE, J.