Filed 12/6/22 Erika A. v. Dominic J. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ERIKA A., <br><br> Appellant, <br><br> v. <br><br> DOMINIC J., <br><br> Respondent. | F083944 <br><br> (Super. Ct. No. FL-20-003049) <br><br> **OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Stanislaus County. Joseph R. Distaso, Judge.

The Kalanta Law Office, Michael Kalanta and Savannah Wadsworth for Appellant.

No appearance for Respondent.

-ooOoo-

At the conclusion of a hearing on December 9, 2021, the trial court ruled there was insufficient evidence to issue a domestic violence restraining order (DVRO), which

---

[*]     Before Poochigian, Acting P. J., Smith, J. and DeSantos, J.

Erika A. (mother) sought against Dominic J. (father). Mother appeals, arguing the trial court did not base its decision on the totality of the circumstances and its conduct at the hearing impermissibly limited the record before it. While mother appeals with an agreed statement of the hearing, the agreed statement does not describe the testimony received at the hearing or the trial court's evidentiary rulings. Given the limited record on appeal, we have no choice but to find no error and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 23, 2020, father filed a petition to establish a parental relationship in which he sought sole physical and joint legal custody of his then one-year-old daughter (daughter), who he shares with mother. A mediation was set for January 4, 2021. While father filed a proof of personal service on the day of the mediation, mother did not appear for the mediation. The hearing apparently went forward in her absence and father was granted custody of daughter.

Mother filed a request for a DVRO on January 12, 2021, seeking to protect herself and daughter from father. Mother asserted after daughter was placed in father's custody, he refused to allow her to speak with daughter. Mother's declaration alleged verbal, emotional, and physical abuse, in addition to sexual assault and child molestation. Mother asked for sole legal and physical custody of daughter.

In response to mother's request for a DVRO, the trial court set a mediation hearing for February 2, 2021. The trial court denied mother's request for a temporary restraining order until a hearing could be held, explaining a full hearing was needed because: (1) both sides filed allegations against the other; (2) mother did not appear at the January 4, 2021 mediation; (3) the parties had shared custody as recently as November and December 2020 by mutual agreement; (4) the parties' November 30, 2020 text messages were cordial and did not show violent and harassing conduct; and (5) the case needed to be heard in child custody mediation with both parties present.

2.

The mediation hearing was held on February 4, 2021. The trial court issued custody and visitation orders by the parties' agreement, which granted them joint legal and physical custody, and set a custody and visitation schedule. Apparently, a hearing was not set or held on mother's request for a DVRO.

On June 11, 2021, mother filed a second request for a DVRO based on additional allegations of abuse not contained in the January 2021 DVRO request. Mother attached an emergency protective order (EPO) law enforcement issued on May 30, 2021, which was set to expire on June 29, 2021. The EPO was based on an incident in which father strangled mother after pushing her to the ground. Mother's declaration alleged verbal, emotional, and physical abuse, as well as sexual harassment and destruction of personal property. Mother asked for modification of the current child custody order to grant her sole legal and physical custody of daughter and no visitation for father until a hearing could be held. The trial court granted temporary restraining orders for personal conduct and stay-away orders, which granted mother sole physical and legal custody of daughter until the mediation hearing set for July 8, 2021.

Father filed a response to mother's request for a DVRO on July 7, 2021. Father denied mother's allegations of abuse or that he destroyed her personal property. Father asked the court to reinstate the previous custody and visitation orders.

The parties appeared telephonically for the July 8, 2021 mediation hearing. Findings and orders were issued setting forth the visitation schedule the parties agreed to; mother was given custody of daughter during all non-designated time. The matter was continued to December 9, 2021, for a long cause hearing on father's objection to the restraining order, and the trial court extended the temporary restraining order to that date.

The hearing on mother's June 2021 request for a DVRO was held on December 9, 2021; the hearing was not reported. Father appeared with his counsel, while mother represented herself; neither party filed a trial brief nor requested a statement of decision.

3.

After hearing the testimony of both parties, the trial court found there was insufficient evidence to grant the DVRO and terminated the temporary restraining order.

Mother, through her appellate counsel, filed a notice of appeal from the trial court's order in February 2022. Since the December 9, 2021 hearing was not reported, mother initially elected to proceed on appeal by providing a settled statement under California Rules of Court, rule 8.137. Mother's appellate counsel subsequently filed an amended notice designating the record on appeal, in which she changed the election to an agreed statement, which was attached to the notice. The agreed statement, which is signed by father's counsel and mother's appellate counsel, does not recount the testimony at the hearing or the trial court's evidentiary rulings. Rather, it states only that the hearing occurred on December 9, 2021; no court reporter was present; neither party prepared or filed a trial brief; no statement of decision was requested; and after hearing the testimony of both parties, the trial court found insufficient evidence for mother's request.

Mother's amended notice designating the record on appeal conceded "[t]he proceedings" do not include all the testimony in the superior court; consequently, her appellate counsel included an attachment stating the points mother intended to raise on appeal. The attachment states mother's January 2021 request for a DVRO was summarily denied without a hearing on the merits even though the request was sufficient to support a finding under the Domestic Violence Prevention Act (DVPA) that father abused mother, and the July 8, 2021 mediation was held without mother being given the opportunity to have a separate mediation. With respect to the December 9, 2021 hearing, the attachment states: (1) the trial court asked mother if she had any other documents to support her claims, but when she responded that she had police reports and the EPO, the trial court excluded the police reports, never ruled on the EPO, and did not tell her she could testify to the facts in the police reports of which she had first-hand knowledge; (2) although father's counsel asked her about her text message conversations with father,

4.

mother never testified to the facts stated in her DVRO declarations; (3) the trial court did not ask her specific questions regarding whether father physically abused her or state whether it considered the facts in the declaration attached to her requests for a DVRO; and (4) the trial court had discretion to issue a DVRO based simply on the basis of an affidavit.

## **DISCUSSION**

### *The Domestic Violence Prevention Act*

The DVPA (Fam. Code, § 6200 et seq.)[1] authorizes a court to issue a protective order " ' " 'to restrain any person for the purpose of preventing a recurrence of domestic violence and ensuring a period of separation of the persons involved' upon 'reasonable proof of a past act or acts of abuse.' " ' [Citations.] Abuse includes 'intentionally or recklessly caus[ing] or attempt[ing] to cause bodily injury'; … 'plac[ing] a person in reasonable apprehension of imminent serious bodily injury to that person or to another'; and 'engag[ing] in any behavior that has been or could be enjoined' under section 6320. (§ 6203, subd. (a).)" (*Curcio v. Pels* (2020) 47 Cal.App.5th 1, 11.)

"The DVPA vests the court with discretion to issue a restraining order 'simply on the basis of an affidavit showing past abuse.' [Citation.] The burden of proof is by a preponderance of the evidence. [Citations.] The DVPA 'confer[s] a discretion designed to be exercised liberally, at least more liberally than a trial court's discretion to restrain civil harassment generally.' " (*Curcio v. Pels*, *supra*, 47 Cal.App.5th at p. 11.)

"We review the grant [or denial] of a DVPA restraining order for abuse of discretion, and, to the extent we are called upon to review the court's factual findings, we apply the substantial evidence standard of review. [Citation.] In reviewing the evidence, we examine the entire record to determine whether there is any substantial evidence—contradicted or uncontradicted—to support the trial court's findings. [Citation.] We

---

[1] Undesignated statutory references are to the Family Code.

must accept as true all evidence supporting the trial court's findings, resolving every conflict in favor of the judgment." (*Curcio v. Pels*, *supra*, 47 Cal.App.5th at p. 12.)

***Relevant Appellate Review Principles***

" '[A] party challenging a judgment [or order] has the burden of showing reversible error by an adequate record.' [Citation.] ' "A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent …." ' [Citation.] A proper record includes a reporter's transcript or a settled [or agreed] statement of any hearing leading to the order being challenged on appeal." (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.) "[O]n issues … involving the abuse of discretion standard of review, a reporter's transcript or an agreed or settled statement of the proceedings is *indispensable*." (*Hood v. Gonzales* (2019) 43 Cal.App.5th 57, 79, italics added; see Cal. Rules of Court, rule 8.120(b) ["If an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings …."].)

This is an appeal on a short record, in which an agreed statement "should recite only those facts needed to decide the appeal." (Cal. Rules of Court, rule 8.134(a)(1).) In such a case, "we are bound to assume that enough appears [in the record] to enable us to decide whether reversible error was committed and we must make our ruling upon the basis of what affirmatively appears in the record." (*Sloan v. Stearns* (1955) 137 Cal.App.2d 289, 293, citing former rule 52 of the Rules on Appeal (now Cal. Rules of Court, rule 8.163); *In re Estate of Pierce* (1948) 32 Cal.2d 265, 274 [appeal on an agreed statement of facts].) Thus, "the evidence to support the essential findings and conclusions [of the trial court] must be found in the settled [or agreed] statement or the judgment must fall." (*Kovacik v. Reed* (1957) 49 Cal.2d 166, 170.)

***Mother's Appellate Contentions***

Mother contends the trial court abused its discretion in denying her request for a DVRO because it (1) did not base its decision on the totality of the circumstances, as it ignored many of the forms of abuse father perpetrated against her and daughter, as shown by its failure to mention any of the forms of abuse demonstrated in the record or explain why it found her evidence was insufficient; and (2) impermissibly limited the record by failing to consider any evidence not presented at the hearing, not informing her she had the right to testify on her own behalf, and refusing to answer her questions about evidentiary procedure or otherwise ensuring relevant evidence was presented at the hearing.

Mother specifically argues since the trial court did not hold a hearing on her January 2021 request for a DVRO, it was required to consider the declarations and exhibits attached to both the January and June 2021 requests, and because the trial court failed to do so, it held her to a more stringent standard than that established by the DVPA. Mother also claims the trial court prejudicially erred when it failed to (1) inform the parties it would not consider the evidence attached to their declarations, as she did not know she had to testify to all the abuse detailed in her requests; and (2) ensure the parties addressed the abuse detailed in their declarations, such as by asking questions to solicit facts from both sides regarding the incidents described in her requests and advising her that she could simply testify about her experiences rather than focus on documentary evidence such as the police reports.

Mother's contentions, however, are all based on facts that are outside the appellate record. Mother focuses on what occurred at the December 9, 2021 hearing, which she asserts shows the trial court's failure to consider the evidence attached to mother's two DVRO requests and assist her with presenting evidence. But neither the clerk's transcript nor the agreed statement recounts what occurred during the hearing; therefore, we cannot assess whether the trial court failed to consider evidence or assist mother.

7.

Put another way, nothing on the face of the record indicates error by the trial court. Rather, the record reflects that at the hearing, *after both parties testified*, the trial court simply determined there was insufficient evidence for a DVRO. We are unable to discover anything in the record before us which factually supports mother's description in her opening brief of what occurred during the hearing, namely, that: (1) the trial court declined to consider police reports and did not explain to her she could testify to the information contained in the police reports that she had personal knowledge of; (2) father's attorney questioned her about the text messages to show she was not afraid of father and cut mother off when she tried to explain; (3) the trial court questioned her about whether she asked father for help with her car after the temporary restraining orders issued; (4) the trial court did not tell her she had the right to testify on her own behalf or ask her about the allegations in her DVRO requests; or (5) the trial court's explanation for why it declined to grant the DVRO.

While mother included a description of what she claims occurred during the hearing as an attachment to her amended notice designating the record, the attachment is not a reporter's transcript, agreed statement or settled statement, one of which is required "[i]f an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court." (Cal. Rules of Court, rule 8.120(b).) Since a factual record of the trial proceedings has not been certified in this case, the appeal must proceed on the clerk's transcript and agreed statement of the oral proceedings, which does not mention any of the facts mother describes in her attachment to the amended notice or her opening brief. "[W]e are not permitted to consider matters outside the record." (*Burhans v. County of Kern* (1959) 170 Cal.App.2d 218, 227.)

Without a settled or agreed statement of the oral proceedings, and given the presumption the trial court acted properly, mother cannot meet her burden to establish the trial court erred in the way it conducted the hearing or in finding there was insufficient evidence to grant the DVRO. In the absence of a proper record, we must presume the

trial court acted properly and substantial evidence supports the trial court's decision. Mother's appellate counsel emphasizes mother's self-represented status in the trial court; we are mindful of the challenges such parties face and that the allegations of domestic abuse are always serious. However, we are constrained by the record on appeal under the applicable standard of review to affirm the trial court's order. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296.)

## **DISPOSITION**

The trial court's December 9, 2021 order is affirmed.