Filed 12/6/22 D.C. v. A.L. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(San Joaquin)

----

|  |  |
|---|---|
| D.C., | C095372 |
| Plaintiff and Respondent, | (Super. Ct. No. STAFLDVWO20210003185) |
| v. | |
| A.L., | |
| Defendant and Appellant. | |

At the conclusion of a November 2021 hearing, the trial court issued two domestic violence restraining orders (DVROs), requiring appellant A.L. and her brother D.C. to stay away from each other. A.L. appeals, arguing the trial court erred by issuing the DVRO against her. We affirm the judgment (order).

### FACTS AND HISTORY OF THE PROCEEDINGS

In early November 2021, appellant's brother filed a request for a DVRO against appellant. The trial court granted a temporary restraining order and set the matter for a hearing later that month. Days later, appellant filed her own request for a DVRO against her brother. Both appellant and her brother provided evidence at a hearing later that month.

1

Appellant's brother told the trial court appellant moved in with him in December 2020, but he was the only one named on the lease of the residence. In October 2021, when appellant was moving out, she tried to take his personal property. When he took the property back, appellant bit him on the leg three times. Appellant's brother apparently showed to the trial court a picture of a door jamb of the residence that appellant damaged during the incident. He also explained that appellant took his "personal medical shoes," valued at almost $2,000.

Appellant's brother told the trial court he had "messages [appellant] left when she broke" the temporary restraining order. "She violated the order knowingly," her brother said. "I'll listen to those messages," the trial court replied. Appellant's brother apparently then played for the trial court the voicemail messages.

Appellant told the trial court her brother twisted her hand when he tried to retrieve the disputed personal property, and she bit him when he attacked her. She admitted she took her brother's medical shoes, insisting she did so "because he took [her] shoes and just threw them away."

Appellant told the trial court she still had a lot of personal property at her brother's residence. "I just want to move my stuff," she maintained.

When the trial court queried whether there was a third party they both trusted who could retrieve appellant's property from the residence, appellant's brother identified a shared relative. But appellant said she did not trust that person.

At the end of the hearing the trial court made its ruling: "You chose to live together for a while. It didn't work out. Now it's an ugly situation." "I have heard evidence by a preponderance of the evidence that abuse has been established . . . ." "I . . . make a specific finding that you both acted as primary aggressors . . . on different occasions. . . . Each of your restraining orders are going to be granted." The trial court ordered appellant and her brother not to have any contact with each other and to stay 100 yards away from each other.

Addressing appellant, the trial court explained it understood some of her property was still at the residence. But her brother was on the lease, so she would "have to figure out with a third party to get [her] belongings."

## DISCUSSION

Appellant contends the trial court erred (1) by issuing the DVRO against her (because she was "only defending herself" against her brother), and (2) by allowing her brother to present evidence she damaged the door of his residence (because since he had locked her out of the house, she did not act "with malicious intent").

The Domestic Violence Prevention Act (DVPA) (Fam. Code, § 6200 et seq; statutory section citations that follow are found in the Family Code unless otherwise stated) authorizes a court to " ' " 'to restrain any person for the purpose of preventing a recurrence of domestic violence and ensuring a period of separation of the persons involved' upon 'reasonable proof of a past act or acts of abuse.' " ' [Citations.] Abuse includes 'intentionally or recklessly caus[ing] or attempt[ing] to cause bodily injury'; . . . 'plac[ing] a person in reasonable apprehension of imminent serious bodily injury to that person or to another'; and 'engag[ing] in any behavior that has been or could be enjoined' under section 6320. (§ 6203, subd. (a).) Behavior that may be enjoined under section 6320 . . . includes 'disturbing the peace of the other party' (§ 6320, subd. (a)), which 'may be properly understood as conduct that destroys [another's] mental or emotional calm.' [Citation.] [¶] . . . [¶]

"The DVPA vests the court with discretion to issue a restraining order 'simply on the basis of an affidavit showing past abuse.' [Citation.] The burden of proof is by a preponderance of the evidence. [Citations.] The DVPA 'confer[s] a discretion designed to be exercised liberally, at least more liberally than a trial court's discretion to restrain civil harassment generally.' [Citation.]

"We review the [court ruling granting or denying] a DVPA restraining order for abuse of discretion, and, to the extent we are called upon to review the court's factual findings, we apply the substantial evidence standard of review. [Citation.] In reviewing the evidence, we examine the entire record to determine whether there is any substantial evidence—contradicted or uncontradicted—to support the trial court's findings. [Citation.] We must accept as true all evidence supporting the trial court's findings, resolving every conflict in favor of the judgment." (*Curcio v. Pels* (2020) 47 Cal.App.5th 1, 11-12 (*Curcio*).)

" '[A] party challenging a judgment [or order] has the burden of showing reversible error by an adequate record.' [Citation.] ' "A judgment or order of the lower court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent . . . ." ' A proper record includes a reporter's transcript or a settled [or agreed] statement of any hearing leading to the order being challenged on appeal. [Citations.]" (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.) "On issues . . . involving the abuse of discretion standard of review, a reporter's transcript or an agreed or settled statement of the proceedings is *indispensable*." (*Hood v. Gonzales* (2019) 43 Cal.App.5th 57, 79, italics added; see Cal. Rules of Court, rule 8.120(b) ["If an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings"].)

Here, appellant has not carried her burden of showing reversible error by an adequate record.

First, the appellate record does not include an agreed or settled statement regarding the content of the voicemail messages that appellant left on her brother's phone, which messages the trial court listened to during the November 2021 hearing. Accordingly, we must presume the content of those messages supported the trial court's ruling. (*Elena S. v. Kroutik*, *supra*, 247 Cal.App.4th at p. 576.)

Second, on the incomplete record alone, there is substantial evidence to support the trial court's finding that appellant was a domestic violence aggressor. Appellant's brother provided evidence she bit him and damaged the door jamb of his residence during a domestic dispute. That appellant contradicted this evidence does not negate it. (*Curcio*, *supra*, 47 Cal.App.5th at pp. 11-12.)

And whether appellant acted "maliciously" in damaging the door jamb of her brother's residence is not dispositive of the question whether her conduct met the requirements for issuance of a DVRO. (*Curcio*, *supra*, 47 Cal.App.5th at p. 11 ["Behavior that may be enjoined under section 6320 . . . includes 'disturbing the peace of the other party' " "which 'may be properly understood as conduct that destroys [another's] mental or emotional calm' "].)

## DISPOSITION

The judgment (order) is affirmed.

_____
HULL, Acting P. J.

We concur:


_____
MAURO, J.


_____
BOULWARE EURIE, J.

5