Filed 6/13/25  Lopez v. Lopez CA4/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| VANESSA VERGARA LOPEZ, | D084431 |
| Appellant, | |
| v. | (Super. Ct. No. 22FL010460C) |
| KYLE KALOKAHIMAIKALANIMAI LOPEZ, SR., | |
| Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Lizbet Muñoz, Judge.  Affirmed.

Vanessa Vergara Lopez, in pro. per., for Appellant.

No appearance by Respondent.

Vanessa Vergara Lopez challenges the sufficiency of the evidence supporting the domestic violence restraining order entered against her protecting her former spouse Kyle Kalokahimaikalanimai Lopez, Sr. and their two minor children.  Resolving this matter by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), we affirm.

## I.

Following an unreported evidentiary hearing, the court granted Kyle's request for a DVRO protecting him and the couple's minor children from Vanessa for two years.

At the hearing, both Vanessa and Kyle testified, and Kyle introduced copies of Vanessa's communications as exhibits. In its minute order, the court found Kyle's testimony credible but "d[id] not find [Vanessa] credible." The court noted Vanessa "showed up at one of the child[ren]'s graduation when she was previously ordered to not . . . have any visitation with the children." Vanessa also "continues to pull them out of class and is a disruption." In addition, Vanessa "has shown up unannounced at [Kyle's] home" and "is initiating group texts with the family."

The court found Vanessa's actions were "damaging to [Kyle's] peace" and "there is a disturbance of [Kyle's] calm." As a result, and because Kyle "met his burden of proof beyond a preponderance of [the] evidence," the court found a permanent restraining order necessary.

## II.

We briefly outline the relevant law for DVROs before explaining why the incomplete appellate record compels us to affirm.

### A.

The Domestic Violence Protection Act seeks to prevent acts of domestic violence and to separate the persons involved for a period sufficient to resolve the underlying causes. (Fam. Code, §§ 6200, 6220.) It defines domestic violence as "abuse" perpetrated against certain individuals, including a former spouse or a party's children. (§ 6211.) As relevant here, "abuse" includes disturbing the peace of the other party. (§§ 6203, subd. (a)(4); 6320, subd. (a).) Disturbing the peace of the other party "refers to conduct that,

2

based on the totality of the circumstances, destroys the mental or emotional calm of the other party." (§ 6320(c).)

To obtain a DVRO, the applicant must show past abuse by a preponderance of the evidence. (*In re Marriage of Everard* (2020) 47 Cal.App.5th 109, 122.) We review orders granting or denying a DVRO for abuse of discretion. (*Id.* at p. 123.)

B.

Vanessa contends the court erred in granting the DVRO "due to lack of substantial evidence." The incomplete appellate record, however, prevents us from meaningfully reviewing her claim of error.

As a "fundamental principle of appellate procedure," we presume the trial court's order is correct. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) Because of this presumption, "the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Id.* at p. 609.) "A necessary corollary to this rule is that if the record is inadequate for meaningful review," we should affirm the order. (*Ibid.* [cleaned up].) Such is the case here.

Vanessa represents herself in this appeal, and we are mindful that the technical requirements of the appellate process may be difficult for those without legal training to navigate. Even so, a self-represented party "is to be treated like any other party and is entitled to the same, but no greater, consideration than" a party represented by counsel. (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.) As a result, Vanessa needed to comply with the rules for preparing an adequate appellate record.

Vanessa challenges the evidence supporting the trial court's DVRO without providing us that evidence. When designating the appellate record,

she did not include Kyle's DVRO application or any supporting declarations that might have been attached, the exhibits Kyle presented at the evidentiary hearing, or a useful record of the hearing testimony. The evidentiary hearing was unreported, making it more difficult to provide an adequate record. (*Jameson*, 5 Cal.5th at p. 608 [The "lack of a verbatim record of such proceedings will frequently be fatal to a litigant's ability to have his or her claims of trial court error resolved on the merits by an appellate court."].) To Vanessa's credit, she submitted a settled statement, which can substitute "as the record of the oral proceedings." (Cal. Rules of Court, rule 8.137.) But the court's order on the settled statement notes it "does not recall the specifics of the testimony presented—other than what is noted in the court's minute order," which we summarized above.

The incomplete record means "[t]he trial court's findings of fact and conclusions of law are presumed to be supported by substantial evidence and are binding on the appellate court, unless reversible error appears on the record." (*Bond v. Pulsar Video Productions* (1996) 50 Cal.App.4th 918, 924.) Vanessa does not identify—and we discern no—reversible error on the face of the record. Given the incomplete appellate record and the resulting presumptions, we are unable to grant the relief Vanessa requests.

## III.

We affirm.  The parties shall bear their own costs on appeal.

CASTILLO, J.

WE CONCUR:

BUCHANAN, Acting P. J.

RUBIN, J.