Filed 10/29/25  S.T. v. H.T. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| S.T., | C101371 |
| Plaintiff and Respondent, | (Super. Ct. No. 24DV01345) |
| v. | |
| H.T., | |
| Defendant and Appellant. | |

At the conclusion of a May 29, 2024, hearing, the trial court issued a domestic violence restraining order (DVRO) requiring appellant H.T.[1] to stay away from respondent S.T. and not to abuse or contact her.  Appellant argues the trial court erred by issuing the DVRO against him and ordering him to pay respondent $1,500 in attorney fees.  We disagree and affirm the judgment (order).

BACKGROUND

On May 29, 2024, the trial court heard respondent's application for a DVRO.  Both parties were present without counsel; they were sworn in, and each testified.  No court reporter was present.  The court considered the evidence presented and "weighed

---

[1]     To protect their privacy, we refer to the parties by their initials.  (Cal. Rules of Court, rule 8.90(a)(1), (b)(10).)

1

the credibility of the parties['] witnesses.  The court found [respondent] to be credible and [her] testimony supported by the evidence in the case."

The trial court summarized the evidence:  The parties met online and dated for approximately three months.  They lived together for two months.  In April 2024, respondent broke up with appellant, who became upset, grabbed respondent by the arms, and pushed her.  Respondent testified that on two occasions, appellant forced her to have sex "while they were asleep in bed."  Respondent also produced text messages from appellant saying, "he would not let her go."

In support of her request for attorney fees, respondent showed the trial court a retainer agreement and proof that she had paid her attorney $1,500.  The attorney did not appear at the DVRO hearing.

The trial court issued a DVRO for a period of one year and ordered appellant to pay respondent $1,500 for her attorney's fees.  Defendant filed a timely notice of appeal.

DISCUSSION

The Domestic Violence Prevention Act (DVPA) (Fam. Code,[2] § 6200 et seq.) authorizes a court " ' " 'to restrain any person for the purpose of preventing a recurrence of domestic violence and ensuring a period of separation of the persons involved' upon 'reasonable proof of a past act or acts of abuse.' " ' [Citations.]  Abuse includes 'intentionally or recklessly caus[ing] or attempt[ing] to cause bodily injury'. . . 'plac[ing] a person in reasonable apprehension of imminent serious bodily injury to that person or to another'; and 'engag[ing] in any behavior that has been or could be enjoined' under section 6320.  (§ 6203, subd. (a).)"  (*Curcio v. Pels* (2020) 47 Cal.App.5th 1, 11.)  "We review the [court ruling granting or denying] a DVPA restraining order for abuse of

_____

**2**      Undesignated section references are to the Family Code.

2

discretion, and, to the extent we are called upon to review the court's factual findings, we apply the substantial evidence standard of review." (*Id*. at p. 12.)

" '[A] party challenging a judgment [or order] has the burden of showing reversible error by an adequate record.' [Citation.] ' "A judgment or order of the lower court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent . . . ." ' A proper record includes a reporter's transcript or a settled [or agreed] statement of any hearing leading to the order being challenged on appeal. [Citations.]" (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574, italics omitted.)

Appellant argues that respondent's testimony was not credible, and her evidence "forged," so there was nothing offered to support the issuance of a DVRO or an order for attorney fees. Appellant has not carried his burden of showing reversible error by an adequate record.

Although the trial court issued the DVRO in question after a hearing at which both parties testified, no court reporter was present at the hearing. Therefore, this is a judgment roll appeal. (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082-1083.)

In a judgment roll appeal, "the following rules apply: ' "Error must be affirmatively shown by the record and will not be presumed on appeal [citation]; the validity of the judgment [or order] on its face may be determined by looking only to the matters constituting part of the judgment roll [citation]; where no error appears on the face of a judgment roll record, all intendments and presumptions must be in support of the judgment [citation] [citation] . . . and any condition of facts consistent with the validity of the judgment will be presumed to have existed rather than one which would defeat it . . . ." ' " (*Elena S. v. Kroutik, supra*, 247 Cal.App.4th at pp. 574-575.)

Here, the trial court found the evidence presented at the hearing on respondent's application for a DVRO sufficient to issue the order. Because we have not been given that evidence by way of a reporter's transcript showing the parties' testimony, we must

conclusively presume the evidence was indeed sufficient to support the order. (*Elena S. v. Kroutik, supra*, 247 Cal.App.4th at p. 576.)

Moreover, whether respondent's evidence was credible is not a determination we make on appeal. " 'The trial court sits as trier of fact and it is called upon to determine that a witness is to be believed or not believed. This is the nature of fact finding. "The trier of fact is the sole judge of the credibility and weight of the evidence . . . ." [Citation.]' [Citation.] 'In that role, the judge may reject any evidence as unworthy of credence, even uncontradicted testimony. [Citation.]' [Citation.] 'We do not judge credibility on appeal.' " (*In re Marriage of Oliverez* (2019) 33 Cal.App.5th 298, 319.) The trial court found respondent credible, and we must defer to that determination.

DISPOSITION

The judgment (order) is affirmed. S.T. shall recover her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

\s_____<br>
Krause, Acting P. J.

We concur:

\s_____<br>
Mesiwala, J.

\s_____<br>
Wiseman, J.*

---

\*     Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.