Filed 8/30/24  Fraiser v. Thomas CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| SHAREE FRAISER,<br><br>    Appellant,<br><br>    v.<br><br>DANIEL THOMAS,<br><br>    Respondent. | D082579<br><br><br>(Super. Ct. No. 22FL004123E) |

APPEAL from an order of the Superior Court of San Diego County, CJ Mody, Judge.  Affirmed.

Sharee Fraiser, in pro. per., for Appellant.

No appearance for Respondent.

## I.  INTRODUCTION

Sharee Fraiser and Daniel Thomas share one five-year-old child, S.T. S.T. was born in California but currently lives with Thomas in Georgia. Throughout much of 2022, Frasier unsuccessfully attempted to bring a Request for Order and contempt charges against Thomas.  The trial court summarized that history in its December 23, 2022 written ruling, denying an ex parte request brought by Frasier.  In February 2023, Fraiser filed a

motion seeking sole legal and physical custody of S.T. to live with her in California. The court denied the request, instead awarding Thomas sole legal and physical custody. Fraiser appeals this order making two arguments:

First, the court erred in how it applied the *LaMusga*[1] factors when ruling on her motion. Second, the trial judge exhibited bias against Frasier. Fraiser asserts these errors violated her due process rights by depriving her of a fair custody hearing. Thomas did not respond to this appeal.

We conclude Fraiser forfeited these arguments because her brief fails to comply with appellate procedural rules governing citations to both law and the trial court's record. Therefore, it is not possible to discern how Fraiser arrives at her factual and legal conclusions. Accordingly, we affirm the trial court's order.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Fraiser and Thomas were involved in a juvenile court proceeding, San Diego Superior Court case number 520104A. On January 7, 2022, the juvenile court entered a final judgment which included custody and visitation orders. The court ruled Thomas and Frasier would share joint legal custody of S.T., while Thomas would have S.T.'s sole physical custody. Further, S.T. was to reside with Thomas, allowing Fraiser structured unsupervised visitation with S.T. At that time, both parties lived in California. Once the juvenile court entered judgment in January 2022, it terminated its jurisdiction over S.T.

In April 2022, Fraiser filed a petition for custody and support in family court. She also brought a motion seeking modification of the January 2022 orders, which still controlled. She requested sole legal and physical custody of S.T. with her in California. When she filed the Request for Order, Fraiser

---

1       *In re Marriage of LaMusga* (2004) 32 Cal.4th 1072 (*LaMusga*).

2

believed S.T. lived with Thomas outside of California, but she did not know where. At the motion hearing in December 2022, the court denied Fraiser's request, citing her failure to demonstrate a material change in circumstances from the earlier order warranting its modification.

In February 2023, Fraiser filed a motion again seeking S.T.'s sole legal and physical custody in California. By then, S.T. resided with Thomas in Georgia. It is unclear from the record when this move occurred.

At the June 2023 hearing on Fraiser's motion, the court found no change in circumstances warranting a modification of the visitation order. In addition, the court found Fraiser did not demonstrate S.T. would suffer a detriment if he continued to reside with Thomas. Then, applying the *LaMusga* factors, the court found Fraiser failed to acknowledge the substance abuse and other issues that led to S.T.'s removal from her custody. It concluded that ordering S.T. back to California would result in far greater detriment to S.T. than allowing the child to remain with Thomas. Accordingly, the court ordered sole legal and physical custody of S.T. to Thomas and professionally supervised visitation to Fraiser. Fraiser appealed.

## III. DISCUSSION

We begin by stating rules of practice and procedure that apply in every appeal. We presume the trial court's judgment or order is correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) The party challenging a judgment or order has the burden to demonstrate error occurred. (*Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125.) " 'In so doing, [an appellant] must raise claims of reversible error or other defect [citation], and "present argument and authority on each point made." ' " (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fn. 8.)

3

When an appellant does not follow these rules, we may treat their assertions of error as forfeited. (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52 (*Allen*).) "We are not required to examine undeveloped claims or to supply arguments for the litigants." (*Ibid*.) " 'Nor [are we] required to consider alleged error where the appellant merely complains of it without pertinent argument.' " (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119.)

We are mindful Fraiser is appearing in propria persona, and a party who proceeds without the assistance of legal counsel will encounter unique challenges not faced by those who utilize the services of a competent lawyer. However, "[a] self-represented party is to be treated like any other party and is entitled to the same, but no greater, consideration than other litigants having attorneys." (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.) Therefore, Fraiser needed to comply with the rules governing preparation of an adequate appellate record and presenting legal arguments supported by citations to relevant authority and portions of the designated court file.

Fraiser's opening brief generally communicates her belief that the trial court denied her a fair hearing due to the court's alleged inaccurate assessment of the *LaMusga* factors and her feeling that the judge harbored bias against her. But Fraiser's filing does not support these points with specific and relevant references to the record and legal authority. While Fraiser cites some statutes and portions of the record in her brief, many of these citations are irrelevant to her arguments of error on appeal. She also does not cite any case authority. This court cannot fill in those blanks. (*Allen, supra,* 234 Cal.App.4th at p. 52.) Because Fraiser's arguments lack this required information, we conclude Fraiser forfeited her contentions on appeal. (*Ibid*.) For these reasons, we affirm the order.

## IV.  DISPOSITION

The trial court's August 18, 2023 order is affirmed.  Fraiser to pay her costs on appeal.

RUBIN, J.

WE CONCUR:


IRION, Acting P. J.


DATO, J.