Filed 10/17/24  Meraz v. Navarro CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ANDREA MERAZ, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ADRIAN RUDY NAVARRO, SR., <br><br> Defendant and Appellant. | F085873 <br><br> (Super. Ct. No. 22DV-0360) <br><br> **OPINION** |

THE COURT[*]

APPEAL from an order of the Superior Court of Kings County.  Brian N. Chase, Commissioner.

Adrian Rudy Navarro, Sr., in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

Andrea Meraz filed a request for a domestic violence restraining order, protecting herself, her child, and her mother, from Adrian Navarro.  After the request was granted, Navarro filed this appeal, arguing his constitutional rights to due process and "an impartial tribunal" were violated.  He also argues the trial court violated the California

---

[*] Before Franson, Acting P. J., Meehan, J. and Snauffer, J.

Rules of Court, no evidence supported granting the restraining order, and he was not properly served. We affirm.

## BACKGROUND

In the original filing, Meraz requested a domestic violence restraining order against Navarro and sought to protect herself, her child, and her mother. Relative to the mother, the request stated the mother "ha[d] given [her] a place to stay" and Navarro "hates [the mother] and has made the statement that he would beat her ass if she said anything to him." The request was signed "under penalty of perjury …."

The matter proceeded to a hearing, and Meraz testified she was in an intimate relationship with Navarro. She explained the relationship turned physically abusive, with Navarro physically restraining her "[m]aybe ten or so times." Navarro also testified, denying all abuse.

The trial court ruled the "acts" testified to "clearly constitute[d] domestic violence …." It subsequently granted "the request for the domestic violence restraining order … for a period of five years." The order did not include the child, but did include the mother because Meraz resided with her.

## DISCUSSION

Navarro raises four issues. One, was his constitutional right to an "impartial tribunal" violated? Two, did the trial court violate California Rules of Court, rule 2.818(a)(3)? Three, did substantial evidence support the granted order? Four, was Navarro improperly served? Finding no errors, we affirm.

### I. Impartial Tribunal

"It is axiomatic that '[a] fair trial in a fair tribunal is a basic requirement of due process.' " (*Caperton v. A.T. Massey Coal Co., Inc.* (2009) 556 U.S. 868, 876.) "In civil proceedings, [the] guarantee [to due process] includes the right to have a matter decided by a tribunal having jurisdiction of the action that is free of bias and conducts a full hearing on the matter after the parties have been given notice of the proceeding and an

2.

opportunity to appear and participate in it." (*Barry v. OC Residential Properties, LLC* (2011) 194 Cal.App.4th 861, 867.)

Navarro contends "Commissioner Chase used biased judgment, and extreme prejudiced [sic] against [him] to approved [sic] the restraining order …." He points to no specific examples in the record. We have mined the record for any bias or prejudice and found neither—Navarro was not denied due process.[1]

## II. Rules of Court

California Rules of Court, rule 2.818 provides "[a] temporary judge must disqualify himself or herself" if "in a family law or unlawful detainer case, one party is self-represented and the other party is represented by an attorney or is an attorney." (Cal. Rules of Court, rule 2.818(a) & (b)(3).) Here, Navarro argues the trial court violated this rule, but the rule applies only to "attorneys who serve as court-appointed temporary judges," *not* "subordinate judicial officers …." (Cal. Rules of Court, rule 2.810.)

Nothing in the record indicates the trial court in this case was a temporary judge. Navarro certainly cites no evidence. On the contrary, everything in the record suggests the judicial officer in this case was a commissioner, and we have no reason to believe otherwise. A commissioner is a subordinate judicial officer. (*Gomez v. Superior Court* (2012) 54 Cal.4th 293, 304; Cal. Const. art. VI, § 22.) Navarro has not proven the rule was violated in this case.

## III. Substantial Evidence

"A trial court is vested with discretion to issue a protective order under the [Domestic Violence Protection Act] simply on the basis of an affidavit showing past abuse. Specifically, it 'may' issue an order 'with or without notice, to restrain any person

---

[1] Navarro also complains the trial court "[g]rant[ed] the order for an additional two years than the minimum allowed, for a total of five years …." While it is true the court granted a five-year order, there is no error or evident bias. (Fam. Code, § 6345, subd. (a) [court may grant order for "a duration of not more than five years"].)

for the purpose of preventing a recurrence of domestic violence and ensuring a period of separation of the persons involved, if an affidavit … shows, to the satisfaction of the court, reasonable proof of a past act or acts of abuse.' ([Fam. Code,] § 6300.)" (*Nakamura v. Parker* (2007) 156 Cal.App.4th 327, 334.)

The evidence supported the order in this case. Meraz testified to abuse, and declared, in the original filing, potential harm to her mother. The trial court was entitled to, and implicitly did, credit these statements. Navarro has failed to prove an abuse of discretion, let alone that the evidence was insubstantial.

## IV. Service

Navarro asserts he "was not served properly" because "Commissioner Chase personally had his court clerk print out the files to be served to [him] in court …." We cannot find he was improperly served.

### A. Additional Background

At an initial hearing, Meraz's counsel informed the court there was "no success" serving the "restraining order" on Navarro. Counsel added, however, Navarro "made himself available here today voluntarily" and "[h]e was served with the paperwork today." The trial court acknowledged Navarro was not "timely served" but inquired if Navarro wanted to "proceed today" or if he wished to "come back another day …."

Navarro requested a dismissal "for service purposes." The trial court declined and again indicated a "willing[ness] to continue" the matter. Navarro requested "time to respond" and the court obliged. The matter later concluded as described above.

### B. Analysis

" 'It is well settled, of course, that a party challenging a judgment [or order] has the burden of showing reversible error by an adequate record.' " (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.) The record does not bear out Navarro's claim he was

4.

served by the trial court.  In any event, Navarro does not cite to any law, rule, or statute establishing improper service, let alone dismissal as a remedy.[2]  We reject his claim.

## DISPOSITION

The order is affirmed.  Each party shall bear its own costs on appeal.

---

[2] On this point, the record is unclear exactly what the trial court meant when it recognized Navarro was not "timely served."  For example, was he simply not served in time for a hearing to proceed that day?  Or was it necessary for Meraz to begin anew with another case?  Navarro has not discharged his burden to prove he was entitled to dismissal.