Filed 11/7/24  Plaza Del Sol v. Han CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| PLAZA DEL SOL, LLC, Plaintiff and Respondent, v. DEOK WEON HAN, Defendant and Appellant. | D083056 (Super. Ct. No. 37-2022-00010261-CU-BC-CTL) |


APPEAL from a judgment of the Superior Court of San Diego County, Joel R. Wohlfeil, Judge.  Affirmed.

Deok Weon Han, in pro. per., for Defendant and Appellant.

Kimball, Tirey & St. John, Cynthia D. Stelzer and Jackson W. Isaacs for Plaintiff and Respondent.

Following a one-day bench trial, the court entered judgment against Deok Weon Han, finding he breached his commercial lease with Plaza Del Sol, LLC by not paying rent.  Han appeals, arguing (1) Plaza Del Sol "failed to meet its burden of proving that the unpaid rent breached the contract" and (2) the trial court "did not fully consider" the effect of the COVID-19 pandemic and related emergency laws.  Plaza Del Sol moves to dismiss the

appeal as untimely.  We conclude the appeal is timely, and we affirm because Han has not provided us with a sufficient record to allow for meaningful review.

## I.

Plaza Del Sol moves to dismiss this appeal on the ground that Han filed his notice of appeal too late, thus depriving us of jurisdiction.  We disagree.

"The time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal."  (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56.)  In general, an appellant must file a notice of appeal within 60 days of service of the notice of entry of judgment, "[u]nless a statute or rules 8.108, 8.702, or 8.712 provide otherwise."  (Cal. Rules of Court, rule 8.104.)

Rule 8.108 extends the time to appeal under certain situations. (Rule 8.108(a).)  For example, if a party serves and files a "valid" notice of motion or motion to vacate the judgment, the new deadline to appeal is the earliest of: (1) 30 days after service of the order on the motion, (2) 90 days after the notice of intention or motion is filed, or (3) 180 days after the entry of judgment.  (Rule 8.108(c)(1)-(3).)

A motion to vacate a judgment is valid if "based on a recognized ground" like those listed in Code of Civil Procedure sections 663 or 473. (*Arega v. Bay Area Rapid Transit District* (2022) 83 Cal.App.5th 308, 315-316.)  It does not need to be "substantively meritorious" to be valid.  (Advisory Committee Notes to rule 8.108.)  As relevant here, a party may move to "set aside and vacate" a judgment under section 663 by (1) filing the notice of motion within 15 days of the notice of entry, (2) designating the grounds for

the motion, and (3) specifying the legal basis supporting the claim that the decision is not consistent with or supported by the facts.  (§ 663a, subd. (a).)

Here, although Han filed his notice of appeal more than 60 days after notice of judgment, within 15 days he filed a valid motion to vacate the judgment that triggered rule 8.108's extension.  In it, contrary to Plaza Del Sol's contention, Han stated the grounds for the motion and attempted to explain perceived problems with the trial court's basis for judgment.  Specifically, he argued the court erred by failing to continue trial when Han did not obtain sufficient documents from Plaza Del Sol in response to his discovery requests.  That Han titled it a "motion to set aside judgment" does not, as Plaza Del Sol argues, disqualify it as a motion to vacate.  (Capitalization omitted.)  Plaza Del Sol does not cite any legal authority for this point, and section 663 itself mentions "set aside" twice.  (§ 663.)

Han filed his notice of appeal within 90 days of his valid motion to vacate the judgment, making his appeal timely.  (Rule 8.108(c)(2).)  Consequently, we deny Plaza Del Sol's motion to dismiss.

## II.

Although we have jurisdiction to hear this appeal, the incomplete appellate record prevents us from meaningfully reviewing Han's claims of error.  We thus affirm.

As a "fundamental principle of appellate procedure," we presume the trial court's judgment is correct.  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.)  Because of this presumption, "the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment."  (*Id.* at p. 609.)  "'"A necessary corollary to this rule is that if the record is

3

inadequate for meaningful review,"'"" we should affirm the judgment. (*Ibid.*) Such is the case here.

Han represents himself on this appeal, as he did at trial, and we are mindful that the technical requirements of the appellate process may be difficult for those without legal training to navigate. A self-represented party, however, "is to be treated like any other party and is entitled to the same, but no greater, consideration than other litigants having attorneys." (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.) As a result, Han needed to comply with the rules for preparing an adequate appellate record.

Here, Han argues the "totality of the evidence does not support the trial court's conclusion that he breached the lease agreement" with Plaza Del Sol. He contends Plaza Del Sol fell short of its burden to prove the unpaid rent breached the contract and the trial court failed to fully consider how laws enacted in response to the COVID-19 pandemic affected his duty to pay rent. Evaluating these claims requires us to consider the evidence presented to the trial court, yet on the record here we cannot.

The trial court entered judgment against Han after a one-day bench trial featuring three trial exhibits and testimony from two witnesses. The record Han provided on appeal, however, does not include the trial exhibits or any useful record of the testimony. Although Plaza Del Sol augmented the record with the trial exhibits, among other documents, the record remains fatally incomplete without the testimony. The absence of a court reporter at trial makes it more difficult to provide an adequate record. (*Jameson*, 5 Cal.5th at p. 608 [The "lack of a verbatim record of such proceedings will frequently be fatal to a litigant's ability to have his or her claims of trial court error resolved on the merits by an appellate court."].) To Han's credit, he submitted settled statements, which can substitute "as the record of the oral

4

proceedings." (Rule 8.137.) But the settled statement Han provided for the trial does not summarize any of the two witnesses' testimony. Instead, it notes only that "Plaintiff's attorney testified unpaid rents," and Han objected by "alleging miscalculation of the rents." It is not enough to allow meaningful review.

In addition, neither party requested a statement of decision. Consequently, "any objection to the trial court's failure to make all findings necessary to support its decision" is forfeited, and we presume the trial court "made all necessary findings supported by substantial evidence." (*Acquire II, Ltd. v. Colton Real Estate Group* (2013) 213 Cal.App.4th 959, 970.)

Given the incomplete appellate record and the resulting presumptions in favor of the judgment and against Han, we must affirm.

III.

We affirm the judgment. Plaza Del Sol is entitled to recover its appellate costs. (Rule 8.278(a)(1).)

CASTILLO, J.

WE CONCUR:


KELETY, Acting P. J.


RUBIN, J.

5