Filed 12/16/25  Grayton v. Metropolitan Area Advisory Committee CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| MAURICE GRAYTON,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>METROPOLITAN AREA ADVISORY COMMITTEE et al.,<br><br>    Defendants and Respondents. | D084527<br><br><br>(Super. Ct. No. 37-2022-00048669-CU-CR-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert C. Longstreth, Judge.  Affirmed.  Deferred portion of motion to augment granted.

Maurice Grayton, in pro. per., for Plaintiff and Appellant.

Brockman Quayle Bennett, Robert H. Quayle IV, and Rachel B. Kushner, for Defendants and Respondents.

Maurice Grayton appeals the judgment dismissing his lawsuit after the trial court sustained without leave to amend the demurrer filed by Defendants Metropolitan Area Advisory Committee on Anti-Poverty of San Diego County, Inc., Arnulfo Manriquez, Sharon A. Turner, Nikki, and Marisol

Tipez. Resolving the matter by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), we affirm.

## I.

## A.

Grayton's claims all relate to his inability to visit a friend and extended family member while she completed court-ordered residential drug or alcohol treatment. One of the Defendants told Grayton extended family members could visit after a 30-day waiting period, a representation Grayton asserts was untrue. Even after the 30-day waiting period, Grayton was not permitted to visit, which he claims exacerbated his posttraumatic stress disorder, raised his blood pressure, and caused other physical ailments. Grayton also alleges the person he wanted to visit was relocated to a different facility at one point, and the longer commute to try to see her at that location caused him "more hardship."

In the operative second amended complaint, Grayton asserts eleven causes of action for (1) "intentional deceit and misrepresentation of a material fact with knowledge of falsity"; (2) negligent misrepresentation; (3) negligence per se; (4) civil assault; (5) negligence; (6) negligent hiring, retaining, supervising, directing, and controlling; (7) violation of Civil Code sections 2330 through 2339; (8) violation of the Unruh Civil Rights Act (Civ. Code, § 51 et seq.); (9) racial discrimination; (10) intentional infliction of emotional distress; and (11) "negligent intentional infliction of emotional distress." (Capitalization and bolding omitted.)

## B.

After giving Grayton the opportunity to amend some causes of action in an earlier complaint, the trial court sustained Defendants' demurrer to the second amended complaint without leave to amend. Given that ruling, the

trial court denied as moot Defendants' motion to strike portions of the second amended complaint.

II.

Grayton's opening brief challenges the sustaining of the demurrer on various grounds. We conclude he has not met his burden of establishing the trial court committed reversible error.

We review an order sustaining a demurrer de novo to determine if the complaint states facts sufficient to constitute a cause of action. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) We accept the truth of all material facts properly pled in the operative complaint but not contentions, deductions, or conclusions of fact or law. (*Ibid.*)

As a "fundamental principle of appellate procedure," we presume the trial court's order is correct. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) Consequently, the appellant bears the burden to prove reversible error. (*Ibid.*) To do so, the appellant "must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) "[C]onclusory claims of error will fail." (*Ibid.*)

With these principles in mind, we address Grayton's arguments as best as we can discern them. Grayton has represented himself, both here and before the trial court, and we are mindful that the technical requirements of the appellate process may be difficult for those without legal training to navigate. Even so, a self-represented party "is to be treated like any other party and is entitled to the same, but no greater, consideration than" a party represented by counsel. (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.) Thus, while we have considered all adequately developed arguments needed to resolve this appeal that Grayton separately identified under an

3

appropriate heading in his opening brief, to the extent he has asserted additional arguments that we have not addressed, they are forfeited. (See *People ex rel. Reisig v. Acuna* (2017) 9 Cal.App.5th 1, 25; Cal. Rules of Court, rule 8.204(a)(1)(B).)

## A.

To start, Grayton contends the "doctrine of vertical stare decisis" obligated the trial court to "follow" a tentative ruling issued in an admittedly "non-related" case by the judicial officer previously assigned to his case. (Underlining, bolding, and some capitalization omitted.) We disagree.

Grayton moves to augment the appellate record to include this unrelated tentative ruling, which he states he "unsuccessfully" tried to submit to the trial court. Because the unrelated tentative ruling is central to this appellate argument, we grant the motion to explain why it has no effect here.

The trial court had no obligation to follow the unrelated tentative ruling from another trial court for two reasons. First, the doctrine of stare decisis applies only to appellate court decisions, as "a written trial court ruling has no precedential value." (*Santa Ana Hospital Medical Center v. Belshé* (1997) 56 Cal.App.4th 819, 831; see also 9 Witkin, Cal. Proc. (6th ed. 2025) Appeal, § 507 ["Trial courts do not make binding precedents."].) Second, as the name implies, "[a] tentative ruling is just that, tentative." (*Guzman v. Visalia Community Bank* (1999) 71 Cal.App.4th 1370, 1378.) It binds no one, not even the parties to that case, because it will be superseded by the court's final order. (*Magno v. The College Network, Inc.* (2016) 1 Cal.App.5th 277, 285, fn. 2.)

4

As a result, the trial court did not err in ruling without regard to the unrelated tentative ruling from another trial court or when, according to Grayton, it did not accept a copy of that ruling into the record.

B.

Grayton's argument for why his first cause of action for "intentional deceit and misrepresentation of material fact with knowledge of falsity" should have survived demurrer appears to rest on a misreading of the trial court's order.

A necessary element of intentional misrepresentation is that the defendant either knew the representation was false when making it or made the representation recklessly and without regard for its truth.  (CACI No. 1900.)

Here, after explaining the operative complaint "still does not allege facts sufficient to state a claim" for this cause of action, the trial court found Grayton also "alleges some facts that would *defeat*" it.  (Italics added.)  As an example, the trial court pointed to Grayton's allegation that Defendants "'may have honestly believed the representation [about Grayton's ability to visit after 30 days] was true.'"  Grayton reads the court's statement as saying he "had in fact alleged 'some facts' *permitting* a cause of action."  (Italics added.)  We are not persuaded by this interpretation, which requires substituting the court's term "defeat" for the opposite term "permitting."

Grayton also concludes those "'some facts'"—Defendants' potential honest belief the representation was true—were "sufficient to state a valid cause of action."  Yet without further explanation or support, this argument is forfeited.  (*In re Champion* (2014) 58 Cal.4th 965, 986.)

Thus, Grayton has not met his burden to prove reversible error as to this cause of action.

5

### C.

Grayton's challenge to the ruling on his fourth cause of action for civil assault is forfeited.

Despite declaring he "sufficiently alleged facts in support of this claim," Grayton does not cite any portion of the operative complaint that might contain those facts. And though Grayton's assertion is followed by a string of citations to legal authorities, he "makes no effort to explain how the authorities support [his] claim of error." (*In re S.C.*, 138 Cal.App.4th at p. 412.) In any event, the authorities Grayton cites generally discuss the elements of assault. (*Thing v. La Chusa* (1989) 48 Cal.3d 644, 649; CACI No. 1301; *Carlsen v. Koivumaki* (2014) 227 Cal.App.4th 879, 900; *So v. Shin* (2013) 212 Cal.App.4th 652, 668-669.) But without any record citations showing the alleged facts constituting a claim for assault, the point is forfeited. (*In re Champion*, 58 Cal.4th at p. 986.)

### D.

In his reply brief, Grayton raises new arguments distinct from those advanced in his opening brief. For various reasons, they are forfeited.

Points raised for the first time in a reply brief are forfeited as untimely for "[o]bvious reasons of fairness," as it deprives the opposing party of an opportunity to respond. (*Garcia v. McCutchen* (1997) 16 Cal.4th 469, 482, fn. 10.) Forfeiture on this basis applies to Grayton's reply arguments that the trial court's (1) corrections to his proposed settled statement, filed months before the appellate opening brief, somehow violated Grayton's due process rights and require reversing the demurrer order; and (2) tentative ruling on an earlier demurrer to the first amended complaint warrants "reproach."

Grayton also attacks Defendants' responding brief as somehow itself "an error of sufficient gravity to warrant reversal of the judgment." He seeks

6

sanctions against Defendants' appellate counsel for purported ethical violations, including "lack of due diligence and/or incompetent representation," because the responding brief does not reference the trial court's order on Grayton's proposed settled statement.  Grayton thus deems the responding brief "frivolous."  Although Grayton cites two California Rules of Court permitting us to impose sanctions or award costs, he provides no legal authority to support his argument that the responding brief constitutes sanctionable or reversible conduct.  (Citing California Rules of Court, rules 8.276 & 8.278.)  As a result, the point is underdeveloped and forfeited. (*In re Champion*, 58 Cal.4th at p. 986.)

E.

Lastly, Grayton contends he was "entitled to leave to amend" his complaint.  Yet he has not convinced us the trial court abused its discretion when it sustained the demurrer without leave to amend.

We review the decision to not grant leave to amend for abuse of discretion.  (*Blank*, 39 Cal.3d at p. 318.)  The burden falls "squarely" on the appellant to prove a reasonable possibility the defects can be cured by amendment.  (*Ibid.*)  To satisfy this burden, the appellant "must show in what manner" the complaint can be amended "and how that amendment will change the legal effect of [the] pleading."  (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.)

Grayton falls short of meeting this burden.  He claims "there is a reasonable possibility" he could cure any defects "if [the trial court] would have provided the legal landscape."  Without supporting authority or further development, however, this claim does not prevail.  (*In re Champion*, 58 Cal.4th at p. 986.)  Grayton's apparent argument he is "entitled" to amend

7

his civil assault cause of action because the court granted him leave to do so following a previous demurrer fails for the same reason.

### III.

We affirm. Defendants are entitled to recover their appellate costs. (Cal. Rules of Court, rule 8.278(a)(2).)

CASTILLO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


DO, J.

8