Filed 3/5/26  Marriage of Crabtree CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| In re the Marriage of CHARLOTTE and CHRISTOPHER CRABTREE. | |
| CHARLOTTE CRABTREE, | C101482 |
| Respondent, | (Super. Ct. No. S-DR-0036297) |
| v. | |
| CHRISTOPHER CRABTREE, | |
| Appellant. | |

This is a judgment roll appeal from an award of contractual attorney fees. Pursuant to a marital settlement agreement between the parties, the trial court awarded respondent Charlotte Crabtree attorney fees for fees she incurred in prosecuting an order to show cause for contempt against appellant Christopher Crabtree for his breach of the court's visitation order.

Christopher contends the trial court abused its discretion in awarding fees. He argues the order is not supported by substantial evidence, the trial court omitted required findings of fact, the fee award is an unconstitutional punitive sanction, he was denied a

fair trial, and that mitigating circumstances should lessen a finding of reprehensibility. Christopher also raises new arguments in his reply brief.

We affirm the award.

## FACTS AND HISTORY OF THE PROCEEDINGS

We take the facts from the trial court's "Ruling on Submitted Matter." The parties entered into a marital settlement agreement which was incorporated into a judgment in 2012. A provision of the settlement agreement awarded attorney fees and costs to the prevailing party in an action to enforce the agreement.

On November 14, 2022, Christopher pleaded no contest to three counts of contempt as alleged in Charlotte's order to show cause. The order to show cause alleged that Christopher had violated the court's visitation orders. The court accepted the pleas and found Christopher guilty. It sentenced him pursuant to a stipulation to one year of informal probation, a payment to Charlotte of $2,000, and 32 hours of community service.

After a number of continuances, Charlotte's request for attorney fees was heard on January 5, 2024. The trial court's minutes note that records opened by the court and subpoenaed on behalf of Charlotte consisted of Christopher's financial documents. The court released the documents to both parties. The documents are not part of the record in this appeal.

The trial court decided it would award attorney fees and costs to Charlotte pursuant to the settlement agreement finding that the contempt proceedings for which the fees were incurred were pursued to enforce the agreement.

Both parties submitted papers and declarations in support of, and in opposition to the request for attorney fees, but they are not included in the appellate record. Christopher also filed two orders to show cause for contempt against Charlotte; they, too, are not part of the record. The trial court found that Charlotte had spent $202,251.10 in

2

attorney fees and costs to prosecute her order to show cause and in opposition to Christopher's two orders. However, the court found that the amount expended "was far disproportionate to the litigation objective."

The trial court stated that during sessions of the contempt trial, it had expressed its opinion that Christopher's orders to show cause were retaliatory and lacked merit. The court had suggested that the interests of justice weighed in favor of Christopher dismissing his orders, but Christopher refused to dismiss until he entered his criminal pleas.

It also was reasonably apparent to the trial court that Christopher was probably guilty of some of the contempt charges against him. But Christopher failed to resolve the matter for years. One of the bases for a year-long delay of the trial was Christopher's desire to take an interlocutory appeal, which in fact he never filed. After Christopher entered his plea, the attorney fees hearing had to be continued multiple times due to Christopher's failure to comply with discovery and discovery orders made by the court. "In short," the court stated, "[Christopher], who admitted to being in criminal violation of this court's orders, has no one but himself to thank for the long pendency of this matter."

On the other hand, the trial court found that not all of Charlotte's efforts were necessary or productive. She twice moved to vacate the court's appointment of the public defender to represent Christopher in his criminal defense. The second effort was an improper motion to reconsider the first. The stipulated disposition was fairly standard for family law contempt actions, and Christopher's sentence probably would not have been substantially different had the contempt been tried and conviction achieved on additional counts.

Moreover, although the contempt proceedings were pending for over five years, by the time of the last session of trial, the parties' struggles over visitation had long since dissipated. There were no records of any custody and visitation proceedings since 2020, but the parties' competing orders to show cause took "a life of their own [and] were the

3

subject of multiple law and motion, trial assignment, and trial settings." In the end, the contempt orders were settled a little less than three months before the couple's only child achieved his majority.

The trial court summarized the circumstances as follows: "As stated, it is correct that [Christopher] was in criminal violation of the orders of this court. But it is also correct, since the custody and visitation part of the case went quiet, so to speak, that [there] was little left for [Charlotte] but a moral victory, including modest penal consequences. [At] the same time, it appears [Christopher's] contempts never had any merit, and his complaint about the time and expense, when he steadfastly refused to dismiss his meritless claims, rings decidedly hollow."

Under these circumstances, the trial court determined that a just and appropriate award of attorney fees and costs pursuant to the marital settlement agreement was $135,000. The court ordered Christopher to pay Charlotte at the rate of $5,000 per month.

DISCUSSION

I

*Standard of Review*

Generally, we review an award of attorney fees after trial for an abuse of discretion. (*Conservatorship of Whitley* (2010) 50 Cal.4th 1206, 1213.) We review questions of law de novo. (*Ibid*.) We presume the trial court's order is correct. We indulge all intendments and presumptions to support it on matters as to which the record is silent. (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574 (*Elena S.*).)

As the party challenging the order, Christopher bore the burden of showing reversible error by an adequate record. (*Elena S., supra*, 247 Cal.App.4th at p. 574.) "A proper record includes a reporter's transcript or a settled statement of any hearing leading to the order being challenged on appeal." (*Ibid*.)

4

Christopher did not provide us with a reporter's transcript or a settled statement. Our records indicate that Christopher designated a reporter's transcript as part of the record on appeal. However, he did not deposit the cost of preparing the transcript with the trial court. By notice dated January 8, 2025, the trial court informed Christopher that if he did not remedy this default within 15 days, our court could dismiss the appeal. We later directed the appeal to proceed upon preparation of the clerk's transcript.

On June 3, 2025, Christopher filed with our court a motion for an order reinstating the designation of the reporter's transcript as part of the record on appeal. By order dated June 12, 2025, we treated the motion as a request for relief from default. We granted the request on condition Christopher pay to the trial court the cost of preparing the reporter's transcript by July 14, 2025. We stated that if payment was not timely made, the case would proceed on the clerk's transcript only.

The trial court confirmed to this court on July 16, 2025, that it had received no payment or substitute for the reporter's transcript. No reporter's transcript has been filed with our court. As a result, this case proceeds only on the clerk's transcript, and a very truncated one at that. The clerk's transcript consists only of a minute order; the trial court's two orders: the first that Charlotte was entitled to fees under the settlement agreement, and the second awarding fees; Christopher's notice of appeal; and Christopher's notice designating the record on appeal.

As Christopher has elected to proceed on the clerk's transcript, we must treat this case as an appeal from the judgment roll. (*Elena S., supra*, 247 Cal.App.4th at p. 574.) The following rules apply to a judgment roll appeal: " ' "Error must be affirmatively shown by the record and will not be presumed on appeal [citation]; the validity of the judgment [or order] on its face may be determined by looking only to the matters constituting part of the judgment roll [citation]; where no error appears on the face of a judgment roll record, all intendments and presumptions must be in support of the judgment . . . and any condition of facts consistent with the validity of the judgment will

5

be presumed to have existed rather than one which would defeat it . . . ." ' (*Ford v. State of California* (1981) 116 Cal.App.3d 507, 513-514; see Cal. Rules of Court, rule 8.163.) We presume that official duties have been regularly performed. (Evid. Code, § 664.) This presumption applies to the actions of trial judges. (*People v. Duran* (2002) 97 Cal.App.4th 1448, 1461-1462, fn. 5.) '. . . If the invalidity does not appear on the face of the record, it will be presumed that what ought to have been done was not only done but rightly done.' " (*Elena S.,* at pp. 574-575.)

## II

### *Abuse of Discretion*

Christopher contends the trial court abused its discretion in awarding attorney fees on a number of grounds. He asserts no evidence was presented to the court that would support the award. He further contends the court was required to make findings under Family Code sections 2030-2032 that it considered each party's needs and resources before issuing the fee award. Christopher also argues that the record demonstrates the fee award was a punitive sanction in violation of Family Code section 271.

Christopher has forfeited his claims that the record does not support the award and that it shows the award was punitive. Because these alleged errors do not appear on the face of the record before us, we conclusively presume the existence of all facts necessary to support the award, including that the award was not punitive. (*Elena S., supra*, 247 Cal.App.4th at pp. 574-575.) Christopher references a reporter's transcript in his brief, but no reporter's transcript was filed with this court. We do not address any arguments Christopher bases on facts that are not included in the appellate record.

Christopher's arguments under Family Code sections 2030-2032 fare no better. Those provisions authorize a family law court to award attorney fees during the pendency of a marital dissolution proceeding based on a party's need. The fees awarded in this matter emanated from the parties' contractual relationship, not from their relationship or

6

status under the Family Code. Thus, evidence of Christopher's ability to pay was not relevant, and the trial court was not required to make any findings under Family Code sections 2030-2032. (See *Marriage of Sherman* (1984) 162 Cal.App.3d 1132, 1140 [evidence of ability to pay not relevant where fees were based on attorney fee clause in parties' marital settlement agreement and not the Family Code].)

## III

### *Due Process*

In *BMW of North America, Inc. v. Gore* (1996) 517 U.S. 559 (*Gore*), the United States Supreme Court set forth the standards for identifying unconstitutionally excessive awards of punitive damages. (*Id*. at pp. 574-584.) Christopher argues that these standards apply equally to contempt sanctions, and he asserts the attorney fees award functions as a punitive contempt sanction given its size relative to the nature of his violations. There is no merit to this argument.

For his offenses of contempt, Christopher received a modest penal sentence of one year of informal probation, a payment to Charlotte of $2,000, and 32 hours of community service. The attorney fee award was not a contempt sanction. It simply was the fulfillment of the agreement both Christopher and Charlotte made to authorize an award of attorney fees to the prevailing party in an action to enforce the marital settlement agreement. On a judgment roll appeal, we presume all facts necessary to support a trial court finding that the award was not excessive nor a sanction. *Gore* does not apply to this case.

## IV

### *Fair Trial*

Christopher argues he was denied his due process right to a fundamentally fair trial. He asserts the record shows (1) his trial counsel did not demand relevant discovery

from Charlotte; (2) counsel did not argue against the fee's excessiveness or punitive nature; (3) counsel did not object to the lack of adequate notice regarding the scope of the potential fee award; and (4) Christopher was not given a meaningful opportunity to challenge the fee claims. To support these contentions, Christopher again cites to a reporter's transcript that does not exist in the appellate record.

The record before us contains no evidence concerning Christopher's claims. Because each of these claims is a matter of fact, we presume all facts necessary to support the trial court's award in a judgment roll appeal, and we reject Christopher's arguments.

V

*Mitigating Circumstances*

Christopher argues that the circumstances surrounding his conduct that led to the contempt convictions, though not an independent basis for reversal, should mitigate against any finding of reprehensibility that supports the award. The record does not disclose any of the facts Christopher alleges in his brief to support this claim. Again, we presume all facts necessary to support the award, and we reject Christopher's argument.

VI

*Christopher's Reply Brief*

In his reply brief, Christopher raises arguments he did not raise in his opening brief. He contends the trial court abused its discretion and violated due process by not explaining its methodology for determining the amount of the fee award nor its finding that the award was reasonable. Christopher also asserts the court erred by not applying the lodestar method or any other recognized standard for determining the fee award.

Christopher has forfeited these arguments by not raising them in his opening brief. (*Doe v. California Dept. of Justice* (2009) 173 Cal.App.4th 1095, 1115.) " 'Obvious

8

considerations of fairness in argument demand that the appellant present all of his points in the opening brief.  To withhold a point until the closing brief would deprive the respondent of [her] opportunity to answer it or require the effort and delay of an additional brief by permission.  Hence the rule is that points raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before.' " (*Neighbours v. Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 335, fn. 8.)  No reason is shown to explain Christoper's omissions.

Were we to address the arguments, we would reject them.  The trial court was not required to explain its rationale for the final fee award absent a request for a statement of decision.  (*In re Tobacco Cases I* (2013) 216 Cal.App.4th 570, 589.)  The record does not indicate that Christopher requested a statement of decision.  Because he failed to furnish an adequate record of the attorney fee proceedings, Christopher's claims must be resolved against him.  (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.)

## DISPOSITION

The order awarding attorney fees to Charlotte is affirmed.  Costs on appeal are awarded to Charlotte.  (Cal. Rules of Court, rule 8.278(a).)


\_\_\_\_\s\_____
HULL, Acting P. J.

We concur:


\_\_\_\_\s\_____
KRAUSE, J.


\_\_\_\_\s\_____
BOULWARE EURIE, J.

9