Filed 3/19/26  Elasali v. Verdieck CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| NOUREDDINE ELASALI, Plaintiff and Appellant, v. LISA JOU VERDIECK et al., Defendants and Respondents. | D084171 (Super. Ct. No. 37-2020-00003544-CU-PN-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Blaine K. Bowman, Judge.  Affirmed.

Noureddine Elasali, in pro. per., for Plaintiff and Appellant.

Nemecek & Cole, Michael W. Feenberg, and Mark Schaeffer for Defendants and Respondents.

Noureddine Elasali appeals from a judgment dismissing his complaint against respondents Lisa Jou Verdieck, Jennifer M. Caglia, and Vanessa Rios for failure to effectuate service within three years of commencement of the action.  (Code Civ. Proc., § 583.250.)  We affirm the judgment because Elasali has failed to provide an adequate record on appeal and cannot otherwise demonstrate error.

FACTUAL AND PROCEDURAL BACKGROUND

In January 2020, Elasali sued respondents Verdieck, Caglia, Rios, and others. The record on appeal does not include the complaint but the court minutes indicate it is a professional negligence case.

In September 2023, over three years later, Elasali completed service of the summons and complaint on all three respondents by substitute service after unsuccessful efforts to serve them in person. He voluntarily dismissed other defendants from the case without prejudice.

In October 2023, Elasali requested and the clerk entered a default against all three respondents. Later in the same month, respondents filed a motion to set aside the default and for mandatory dismissal of the complaint under Code of Civil Procedure section 583.250 for failure to effectuate service within three years. The moving papers (19 pages total according to the register of actions) are not included in the record on appeal. Representing himself, Elasali filed a handwritten opposition to the motion. Respondents filed a reply. The reply papers (36 pages total) are also not included in the record on appeal.

On March 22, 2024, Judge Blaine K. Bowman held an unreported hearing on the motion. There is no transcript or settled or agreed statement of this hearing in the record on appeal. According to the minute order, the court heard arguments and then granted the motion for mandatory dismissal of the complaint based on Elasali's failure to effectuate service within three years. The court dismissed the complaint with prejudice. Based on this ruling, the court did not decide respondents' "alternate request to set aside entry of default."

Elasali appealed the dismissal order.[1]  In his designation of the record on appeal, he did not designate any record of the oral proceedings from the hearing of March 22, 2024 or any prior hearing.  He also did not designate as part of the clerk's transcript the moving or reply papers for respondents' motion to set aside the default and dismiss the complaint.

DISCUSSION

Elasali argues on appeal that Judge Bowman should not have dismissed his case for failure to serve respondents within three years because he had difficulty serving the complaint due to the COVID-19 pandemic; respondents were working remotely and evading service and kept changing addresses; the previously assigned judge (Hon. Keri Katz) told him at a hearing on March 24, 2023 that she would not dismiss the case as long as the defendants were served by September 15, 2023; Elasali did serve the respondents before September 15, 2023; at another hearing on September 15, 2023, Elasali informed Judge Katz the respondents had been served and she "accepted service as it was done within the time she allowed"; Judge Bowman should not have dismissed the case on this ground because Judge Katz had already "solved and settled" the service issue; and Judge Bowman also erred by ignoring Emergency Rule 9 of the California Rules of Court, "which is itself an authority for Covid-19 [t]olling."

Respondents contend that Elasali forfeited any challenge to the dismissal by failing to provide an adequate record on appeal.  Specifically, respondents assert that we cannot consider Elasali's arguments without the moving or reply papers for the motion to dismiss or a reporter's transcript of the proceedings.

---

[1]     The signed minute order dismissing the complaint is appealable as a judgment.  (Code Civ. Proc., § 581d.)

We agree that Elasali has failed to provide an adequate record for appeal. "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.] 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.] . . . ' "[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.)

Elasali has failed to include in the appellate record the moving and reply papers filed for the motion to dismiss. We cannot assess Elasali's claims of error without a complete record of the relevant documents filed in connection with this motion. Elasali has also failed to provide a reporter's transcript or proper substitute for the March 22, 2024 hearing at which the parties argued the motion and Judge Bowman made his ruling. "A proper record includes a reporter's transcript or a settled statement of any hearing leading to the order being challenged on appeal." (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.) Moreover, Elasali's appeal also relies heavily on oral rulings he contends Judge Katz made at other prior hearings on March 24 and September 15, 2023. Yet the record on appeal does not include either of these hearings either and there is no record of any such rulings by Judge Katz.

4

While we recognize that Elasali is self-represented and not an attorney, that does not exempt him from the basic requirements of appellate procedure. (See *Dilbert v. Newsom* (2024) 101 Cal.App.5th 317, 323.) A party proceeding in propria persona must be treated like any other party and follow the same procedural rules as an attorney. (*Ibid.*) "By failing to provide an adequate record, appellant cannot meet his burden to show error and we must resolve any challenge to the order against him." (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.)

Finally, we note that Judge Bowman did not ignore Emergency Rule 9 as Elasali contends. Judge Bowman's order states: "To the extent Plaintiff may rely on California Rules of Court, Emergency Rule 9, Plaintiff fails to provide any authority applying the Emergency Rule 9 deadlines for *filing* papers to *service* deadlines." This ruling was correct. Emergency Rule 9 only provided for tolling of statutes of limitations and repose. (Cal. Rules of Court, appen. I, Emergency rule 9(a).) Under its plain language, the rule did not toll the time for service of process.

## DISPOSITION

The judgment is affirmed. Respondents are entitled to recover their costs on appeal.

BUCHANAN, J.

WE CONCUR:

O'ROURKE, Acting P. J.

RUBIN, J.

5